19 F.3d 1436
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Stephen WARD, Plaintiff/Appellant,
v.
Robert OLIVER, M. Jordan, and F. Mussatto, Defendants/Appellees.
 Nos. 92-3406, 92-3407.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1994.*
Decided March 4, 1994.
 
 Before ESCHBACH, FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Stephen Ward, a prisoner of Illinois, filed two complaints pursuant to 42 U.S.C. Sec. 1983, challenging the constitutionality of his hearing before the adjustment committee at the Stateville Correctional Center. In the first complaint, No. 91 C 1436, Ward alleged that the defendants, who were members of the adjustment committee, violated the Due Process Clause in failing to give him advance notice of the charges against him, the opportunity to call witnesses and present documentary evidence in his defense, and a written statement of the evidence relied on and the reasons for the disciplinary action. He sought $60,000 in punitive damages from each defendant. In the second complaint, No. 91 C 1468, Ward alleged that the punishment handed down by the adjustment committee, a seven-month suspension of commissary privileges, was a deprivation of his liberty without due process of law and amounted to cruel and unusual punishment in violation of the Eighth Amendment. This time he sought $70,000 in punitive damages from each defendant. The district court consolidated the two cases for all purposes. After reviewing the pleadings and the final pretrial orders submitted by the parties, the district court found that the Eighth Amendment claim was frivolous, and that the defendants were entitled to qualified immunity on the deprivation of liberty claim. Accordingly, on August 25, 1992, the court issued a memorandum opinion and order resolving those claims (case No. 91 C 1468) in favor of the defendants. See Fed.R.Civ.P. 16(c)(1); Choudhry v. Jenkins, 559 F.2d 1085, 1089 (7th Cir.), cert. denied, 434 U.S. 997 (1977); Wirtz v. Young Elec. Sign Co., 315 F.2d 326, 327 (10th Cir.1963); Fed.R.Civ.P. 16 advisory committee's note.
 
 
 2
 Although the court indicated that it was entering a final, appealable judgment, it was not. Because the court did not make an express determination pursuant to Federal Rule of Civil Procedure 54(b) that the Eighth Amendment and deprivation of liberty claims were immediately appealable, a final, appealable judgment could not be entered until all consolidated matters were resolved, see Brown v. United States, 976 F.2d 1104, 1107 (7th Cir.1992), and Ward's procedural challenges to his disciplinary hearing (case No. 91 C 1436) remained unresolved. Those claims went to trial. The court entered a judgment--the final, appealable judgment--on September 8, 1992. On October 2, 1992, Ward filed two notices of appeal: one relating to the final, appealable judgment of September 8, 1992, No. 92-3406, and the other relating to the "judgment" of August 27, 1992, No. 92-3407. Because Ward could not appeal from the "judgment" of August 27, 1992, we dismiss appeal No. 92-3407. Nevertheless, because the district court's rulings that served as the basis of appeal No. 92-3407 were subsumed by the final judgment that served as the basis of appeal No. 92-3406, see Sere v. Board of Trustees of the Univ. of Illinois, 852 F.2d 285, 288 (7th Cir.1988), the issues raised by appeal No. 92-3407 may be considered in appeal No. 92-3406.
 
 
 3
 Eighth Amendment and Deprivation of Liberty Claims
 
 
 4
 Following a pretrial conference, a district court may, pursuant to Federal Rule of Civil Procedure 16(c)(1), summarily dispose of claims that present no genuine issue of material fact. See Diaz v. Schwerman Trucking Co., 709 F.2d 1371, 1375 n. 6 (11th Cir.1983) (citing cases). In this case the district court used Rule 16(c)(1) to dispose of Ward's Eighth Amendment and deprivation of liberty claims after concluding that neither claim raised a triable issue of fact. The elimination of a claim pursuant to Rule 16(c)(1) on the ground that there is no triable issue of fact is tantamount to the grant of summary judgment pursuant to Federal Rule of Civil Procedure 56. See 6A Charles A. Wright, et al., Federal Practice and Procedure Sec. 1529, at 299-300 (1990). We therefore treat the court's resolution of the Eighth Amendment and deprivation of liberty claims in favor of the defendants as a grant of summary judgment on those claims. Our standard of review is de novo. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We view the record and all inferences that may reasonably be drawn from it in the light most favorable to Ward, the party against whom judgment was entered. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted). We will affirm only if there is no genuine issue of material fact for a trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 5
 Ward contends that he was denied liberty without due process of law when the defendants denied him commissary privileges for seven months as a sanction for violating prison regulations. A person seeking to assert a protected liberty interest must "establish a legitimate claim of entitlement to it." Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). A liberty interest may arise from the Due Process Clause itself or may be created by state law. Castaneda v. Hanman, 914 F.2d 981, 983 (7th Cir.1990), cert. denied, 498 U.S. 1124 (1991). The Due Process Clause itself does not create a substantive liberty interest in visiting the prison commissary. See Campbell v. Miller, 787 F.2d 217, 222 (7th Cir.), cert. denied, 479 U.S. 1019 (1986). Neither do the regulations governing prison administration in Illinois. For a liberty interest to be created by statute or regulation, the statute or regulation must place "substantive limits on official discretion." Olim v. Wakinekona, 461 U.S. 238, 249 (1983). That is, the statute or regulation must use "language of an unmistakably mandatory character, requiring that certain procedures 'shall,' 'will,' or 'must' be employed absent specified substantive predicates." Hewitt v. Helms, 459 U.S. 460, 471-72 (1983). Section 210.20(a) of Title 20 of the Illinois Administrative Code provides that each Illinois prison "may establish a commissary or canteen for committed persons." Section 504.20(c) prohibits prison adjustment committees from imposing certain types of punishment, among them corporal punishment and restrictions on diet, medical, or sanitation facilities, and reductions in the frequency of use of toilets, washbowls, and showers. No statute or regulation, however, limits the discretion of a prison adjustment committee to punish a prisoner found guilty of violating prison regulations by denying him access to the commissary. Access to the commissary is a privilege, not a liberty interest. As such, Ward cannot establish a legitimate claim of entitlement to access to the commissary, and the district court correctly concluded that the defendants were entitled to judgment as a matter of law on the due process claim.[1]
 
 
 6
 Ward also contends that his inability to purchase soda pop, cigarettes, or snacks from the commissary for seven months violated the Eighth Amendment's prohibition against cruel and unusual punishment. The defendants are entitled to judgment as a matter of law on this claim as well. There is both a subjective and objective component to a finding of cruel and unusual punishment. Wilson v. Seiter, 111 S.Ct. 2321, 2323-25 (1991). The objective component concerns whether the punishment was sufficiently serious to constitute cruel and unusual punishment. Id. at 2324. The Eighth Amendment "does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), and prohibits only those punishments denying "the minimal civilized measure of life's necessities," id. at 347. The areas within the purview of the Eighth Amendment include shelter, sanitation, food, personal safety, medical care, and clothing. See James v. Milwaukee County, 956 F.2d 696, 699 (7th Cir.), cert. denied, 113 S.Ct. 63 (1992); Hassine v. Jeffes, 846 F.2d 169, 174 (3d Cir.1988); Walker v. Mintzes, 771 F.2d 920, 926 (6th Cir.1985); Goodson v. City of Atlanta, 763 F.2d 1381, 1387 (11th Cir.1985); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982); Ramos v. Lamm, 639 F.2d 559, 566 & n. 8 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981). It cannot be meritoriously argued that regular access to soda pop, cigarettes, and snacks falls within the basic necessities of life protected by the Eighth Amendment. Thus, denial of access to these items does not amount to cruel and unusual punishment.
 
 
 7
 Procedural Challenges to the Disciplinary Hearing
 
 
 8
 Ward's procedural challenges to his disciplinary hearing were tried before a jury. At the close of all the evidence, the district court granted the defendants' motion for a judgment as a matter of law, see Fed.R.Civ.P. 50(a). Ward contends that the evidence presented by the defendants at trial was insufficient to support the judgment in their favor. The grant of a judgment as a matter of law pursuant to Rule 50(a) is reviewed de novo. Continental Bank N.A. v. Modansky, 997 F.2d 309, 312 (7th Cir.1993). We review the evidence in the light most favorable to the Ward, see id., and we will reverse the judgment only if enough evidence exists that might sustain a verdict for Ward. See Von Suckerstein v. Argonne Nat'l Lab., 984 F.2d 1467, 1471 (7th Cir.), cert. denied, 114 S.Ct. 419 (1993).
 
 
 9
 We conduct our review by examining the record of the proceedings below. It is the appellant's burden to provide a reviewing court with a sufficient record to permit meaningful review of alleged errors. See Wilson v. Electro Marine Sys., Inc., 915 F.2d 1110, 1117 (7th Cir.1990); Casualty Indem. Exch. v. Village of Crete, 731 F.2d 457, 460 (7th Cir.1984). Federal Rule of Appellate Procedure 10(b) states: "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion." Because Ward has failed to produce a transcript, we cannot determine whether the evidence adduced at trial was sufficient to support the judgment in favor of the defendants. See Woods v. Thieret, 5 F.3d 244, 245 (7th Cir.1993). We could conduct our review without a transcript if the briefs were in agreement on what evidence was presented. See Wilson, 915 F.2d at 1117-18. But that is not the case here. We cannot ascertain from the briefs what evidence was and was not presented during the trial. We therefore must dismiss Ward's appeal insofar as he claims the evidence was insufficient to support the judgment as a matter of law in favor of the defendants. See Woods, 5 F.3d at 245-46 (citing cases).
 
 
 10
 For these same reasons, we must dismiss Ward's appeal insofar as he claims that the court abused its discretion by not allowing Ward to make an opening statement and by excluding unspecified evidence that Ward sought to present. We will find an abuse of discretion if there is no evidence in the record on which the district court could have rationally based its decision. Brown v. J.I. Case Co., 813 F.2d 848, 855 (7th Cir.), cert. denied, 484 U.S. 912 (1987); Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556, 563 (7th Cir.1984). Ward's bald assertion that the court's management of the trial deprived him of due process of law is an inadequate substitute for a trial transcript. Likewise, the briefs are not an adequate substitute for a transcript because they do not identify precisely what evidence was excluded or identify why the court did not allow Ward to give an opening statement. Without a transcript of the proceedings in the district court or an adequate substitute for a transcript, we cannot conduct a meaningful review of the grounds for the court's decisions to bar Ward from making an opening statement and to exclude the evidence Ward sought to introduce.
 
 
 11
 Ward also contends that the district court violated Federal Rule of Civil Procedure 52(a) by not providing findings of fact and conclusions of law in support of its judgment in favor of the defendants and by not entering a final judgment pursuant to Federal Rule of Civil Procedure 58. Both contentions lack merit. The district court entered a separate judgment pursuant to Rule 58 on September 3, 1993. See Record Doc. 33. Rule 52(a) requires a court to make findings of fact and conclusions of law only in nonjury cases. As previously noted, Ward's case was tried before a jury.
 
 
 12
 Finally, Ward contends that the district court committed reversible error by not granting his motion to request a lawyer to represent him. Ward moved to have the court request a lawyer to represent him pursuant to 28 U.S.C. Sec. 1915(d), in September 1991. The district court never ruled on this motion but set the case for trial and tried the case without appointing counsel for Ward. Ward submits that this procedure resulted in an unfair trial. The district court should have ruled on Ward's motion, but its failure to do so is not reversible error. Ward had no absolute right to counsel. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir.1992). The decision to request a lawyer to represent Ward rested in the discretion of the district court. Farmer v. Haas, 990 F.2d 319, 321 (7th Cir.1993), cert. denied, 114 S.Ct. 438 (1993).
 
 
 13
 Because it never ruled on Ward's motion to request counsel, the district court did not exercise its discretion. Nevertheless, we are satisfied that, had the court denied Ward's motion, it would not have constituted an abuse of discretion. Counsel should not be requested unless it is clear that the difficulty of the issues relative to the capabilities of the movant would make it impossible for him to obtain any sort of justice without the aid of a lawyer. Id. at 323. The relevant inquiry is: Given the difficulty of the case, did the movant appear to be competent to try it himself and, if not, would the presence of counsel have made a difference in the outcome? Id. at 322. The legal issues that went to trial were not complex; they were simple factual issues: whether Ward received advance notice of the charges against him; whether he was deprived of the opportunity to present witnesses and documentary evidence at his hearing; and whether he received an explanation of the evidence relied on by the adjustment committee and the reasons for the punishment. No extensive discovery was required. Moreover, nothing in the record suggests that Ward was not competent to try the case himself. His pretrial and post-trial motions evince an impressive command of the issues and procedures involved in this case. In fact, Ward is a seasoned veteran of the federal judicial system, having filed at least twenty-two other pro se civil rights actions in district court before this one, and having personally tried at least three of them: Ward v. Mawee No. 88 C 3182 (S.D.Ill. Feb. 20, 1991), Ward v. Pickering, No. 88 C 3562 (S.D.Ill. Jan. 3, 1992), and Ward v. Hoyt, No. 91 C 7480 (N.D.Ill. Sept. 4, 1992).
 
 
 14
 For the foregoing reasons, appeal No. 92-3407 is DISMISSED. Appeal No. 92-3406 is DISMISSED insofar as Ward seeks review of the evidence supporting the judgment in favor of the defendants and the district court's management of the trial. The judgment of the district court is AFFIRMED in all other respects.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 In his appellate brief, Ward claims that the procedures employed by the adjustment committee during his disciplinary hearing ran afoul of the Due Process Clause. Nevertheless, by failing to raise this issue in the district court, Ward has waived his right to raise it on appeal. See Cange v. Stotler & Co., 913 F.2d 1204, 1211 (7th Cir.1990). Ward also argues in his brief that the district court erroneously concluded that the defendants were entitled to the defense of qualified immunity. Because we have concluded that Ward has no legitimate claim of entitlement to access to the commissary, we need not reach the qualified immunity issue