David C. WILKS and Local 28, District 65, United Automobile Workers of America, Plaintiffs,

v.

AMERICAN BAKERIES COMPANY, Defendant.

No. C–C–82–166–M.

United States District Court,
W.D. North Carolina,
Charlotte Division.

May 3, 1983.

Jonathan Wallas and John T. Nockleby, Chambers, Ferguson, Watt, Wallas, Adkins & Fuller, P.A., Charlotte, N.C., for plaintiffs.

Ernest W. Machen, Jr., Blakeney, Alexander & Machen, Charlotte, N.C.; for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

McMILLAN, District Judge.

This is a suit for equitable and injunctive relief under § 301 of the Labor Management Relations Act of 1947, 61 Stat. 156, 29 U.S.C. § 185 (1976). On May 28, 1982, the court granted plaintiffs' motion for a preliminary injunction and ordered defendant to reinstate plaintiff David C. Wilks in the same position and shift he held prior to his discharge on March 9, 1982, or in a comparable position and shift. Defendant was further ordered to pay Wilks back pay plus interest from the time of the discharge until he should be reinstated.

The case was tried at the January 3, 1983, non-jury term. On the basis of all the competent evidence of record and the arguments of counsel, the court makes the following findings of fact and conclusions of law.

## I. FINDINGS OF FACT

1. Plaintiff David Wilks has been employed by defendant as an hourly paid employee for more than twenty-seven years. He has been a member and officer of plaintiff Local 28, District 65, of the United Automobile Workers of America, the exclusive bargaining representative of hourly paid employees at defendant's Charlotte, North Carolina, facility where plaintiff is employed.

2. Defendant American Bakeries Company is an employer within the meaning of the National Labor Relations Act and the Labor Management Relations Act. At all times relevant to this proceeding, the defendant was a party to the August 26, 1979, collective bargaining agreement with Local 28.

3. The collective bargaining agreement between the defendant and the Union includes the following provision:

## ARTICLE XI

## SETTLEMENT OF DISPUTES

1.D. In the event the dispute [grievance, charge of discrimination, etc.] cannot be satisfactorily settled [between the Local and grievant and the Company] within ten (10) days after the matter has been brought up, then within ten (10) days it shall be appealed to an impartial umpire to be appointed by mutual consent of the Employer involved and the Union, or in the event the parties fail to agree, by the Director of the Federal Mediation and Conciliation Service, Washington, D.C. The decision of the umpire shall be final and binding, and to be rendered within ten (10) days after submission to him. The salary and expenses incident to the services of the umpire shall be shared equally by the Employer involved and the Union.

Plaintiffs' Exh. 4; Defendant's Exh. 1.

4. On December 27, 1980, an incident occurred at the defendant's Charlotte facility involving plaintiff Wilks and a shipping superintendent, Kyle Rash. Defendant discharged plaintiff Wilks for his part in the incident. With the assistance of the Union, he grieved the discharge pursuant to the collective bargaining agreement. When the parties were unable to resolve the grievance, they agreed to submit the dispute to binding arbitration and Lee Modjeska was appointed as Arbitrator.

5. Following a lengthy hearing, the Arbitrator issued a decision and award dated July 31, 1981. The Arbitrator found plaintiff Wilks' account of the incident to be more credible than that of the other employee involved, who testified for defendant. The Arbitrator found that Wilks did not assault and rob Kyle Rash, as defendant claimed, and ordered defendant to set aside his discharge and reinstate him with full back pay. Plaintiffs' Exh. 1.

6. Following the decision and award of the Arbitrator, defendant reinstated Wilks with back pay. In a letter of August 8, 1981, notifying plaintiffs' counsel that defendant was reinstating Wilks with full back pay as required by the Arbitrator, counsel for defendant stated:

In doing so, the Company is not acquiescing in the underlying ruling of the arbitrator with respect to the facts concerning Mr. Wilks' conduct and specifically reserves its right in the future to rely upon its position in any context or in pursuit of any appropriate course or remedy.

Defendant's Exh. 3.

7. In October of 1981, defendant wrote the Arbitrator and the Union in an attempt to reopen the arbitration on the grounds that Wilks had been arrested and charged with operating a lottery. Because Wilks had testified at the arbitration hearing that his only income since December 27, 1980, had come from unemployment benefits, defendant argued that it should be allowed to introduce new evidence concerning the lottery charge to challenge the amount of back pay claimed by Wilks and to impeach his credibility generally. Counsel for plaintiffs declined to consent to defendant's request and the Arbitrator refused to reopen the proceeding. Defendant's Exhs. 5 & 6. Other than by this attempt, defendant has never moved to vacate or otherwise formally to challenge the Arbitrator's award.

8. On March 9, 1982, defendant again discharged plaintiff Wilks. The only written notice that Wilks or the Union received of the discharge and the reasons for it was a letter dated March 2, 1982, from Clyde Burnett of defendant's industrial relations department. Plaintiffs' Exh. 3, Defendant's Exh. 9. The full text of that letter is as follows:

Dear Mr. Wilks:

You are being terminated for assaulting Kyle Rash, Shipping Superintendent, on December 27, 1980 and for having taken money ($30.00) off his person and against his will. While this matter was previously arbitrated, new evidence, including but without limitation the testimony of Officer Sedgwick Elstrom of the Charlotte Police Department not previously known to the Company at the time of the prior arbitration [sic]. Your conviction for assault and larceny pursuant to a jury trial and the recent dropping of the appeal of this conviction and your payment of restitution establish that you committed the offenses charged contrary to your prior testimony under oath.

The Company intends to seek recovery of all back pay previously paid to you, Mr. Wilks, pursuant to the prior arbitration award and all costs incurred by the Company in connection therewith. ·

Truly yours,

/s/ Clyde Burnett

Industrial Relations

9. The court finds that defendant terminated Wilks in March of 1982 for exactly the same reason it terminated him in December of 1980, and that the second termination was in no part based on plaintiff Wilks' conviction on lottery charges.

10. Defendants' second termination of Wilks, in cynical violation of the arbitration decision, displays bad faith and a shocking disregard for the collective bargaining process and for the rights of employees in general and of plaintiff Wilks in particular.

## CONCLUSIONS OF LAW

1. Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 (1976), authorizes the plaintiff Union, as a party to a collective bargaining agreement, and the individual plaintiff, as a beneficiary of that agreement, to bring this action in federal court to enforce, and to remedy the violation of, an arbitration award made pursuant to the provisions of the collective bargaining agreement. *See United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *Textile Workers Union of America v. Cone Mills Corp.,* 268 F.2d 920 (4th Cir.), *cert. denied,* 361 U.S. 886, 80 S.Ct. 157, 4 L.Ed.2d 121 (1959); *Smith v. Evening News*

*Assoc.,* 371 U.S. 195, 200, 83 S.Ct. 267, 270, 9 L.Ed.2d 246 (1962) (§ 301 covers suits by employees as well as unions). Under the foregoing authority, this court has jurisdiction over the action and power to award the relief requested.

■ 2. Under § 301, federal courts are to enforce an arbitration award "so long as it draws its essence from the collective bargaining agreement" and the arbitrator has neither abused the trust confided in him by the parties nor gone beyond the areas marked out for his consideration. *Steelworkers (Enterprise), supra,* 363 U.S. 597–98, 80 S.Ct. at 1360; *see also International Ass'n. of Machinists, Dist. No. 8 v. Campbell Soup Co.,* 406 F.2d 1223 (7th Cir.), *cert. denied,* 396 U.S. 820, 90 S.Ct. 57, 24 L.Ed.2d 70 (1969); *Local 1020 of the United Brotherhood of Carpenters & Joiners of America v. FMC Corp.,* 658 F.2d 1285 (9th Cir.1981). Under that standard, the Arbitrator's award is entitled to enforcement.

■ 3. The discovery of "new evidence" is not grounds for vacating or refusing to enforce the Arbitrator's award. *Washington-Baltimore Newspaper Guild, Local 35 v. Washington Post Co.,* 442 F.2d 1234, 1238–39 (D.C.Cir.1971) ("Unless parties are bound by the records made before the arbitrators, the piecemeal or staggered submission of evidence would be likely to erode the effectiveness of arbitration as a speedy and efficient forum for resolving labor disputes.") *Cf., Shearson Hayden Stone, Inc. v. Liang,* 653 F.2d 310, 313 (7th Cir.1981) (newly discovered evidence not grounds for vacating an award under the Federal Arbitration Act, 9 U.S.C. § 10); N.C.G.S. § 1–567.13(a) (same, under Uniform Arbitration Act as adopted in North Carolina); 5 Am.Jur.2d, Arbitration and Award § 168.

■ 4. Even if defendant *had* asked the court to set aside the arbitration award and *had* alleged a proper basis for doing so, defendant would not be entitled to such affirmative relief because it failed to make a timely challenge to the award. *Chauffeurs, Teamsters, Warehousemen & Helpers, Local Union No. 135 v. Jefferson Trucking Co., Inc.,* 628 F.2d 1023 (7th Cir. 1980); *Service Employees International Union, Local No. 36 v. Office Center Services, Inc.,* 670 F.2d 404 (3rd Cir.1982). For a challenge to an arbitration award to be considered as a defense to a § 301 enforcement action in this court, it must have been made "within 90 days after [the grounds for the challenge] are known or should have been known." N.C.G.S. § 1–567.13(b). *Cf., Jefferson Trucking, supra,* 628 F.2d at 1026–27, *citing United Automobile Workers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1112, 16 L.Ed.2d 192 (1966) (timeliness of § 301 suit or request for affirmative relief from an arbitration award should be determined, as a matter of federal law, by reference to the most appropriate state statute of limitations). *See also United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981).

5. Enforcement of the award in this case does not offend any public policy. *Cf., Campbell Soup, supra,* 406 F.2d at 1227; *Local 453, International Union of Electrical, Radio & Machine Workers v. Otis Elevator Co.,* 314 F.2d 25, 29 (2d Cir.), *cert. denied,* 373 U.S. 949, 83 S.Ct. 1680, 10 L.Ed.2d 705 (1963).

■ 6. Where parties to a collective bargaining agreement agree to resolve their disputes through binding arbitration, an arbitrator's decision of a question of fact properly before him is final and binding upon both parties. *E.g., Los Angeles Paper Bag Co. v. Printing Specialties & Paper Products Union, Dist. Council No. 2,* 345 F.2d 757 (9th Cir.1965); *see generally* 5 Am.Jur.2d, Arbitration and Award § 147. Here the arbitrator specifically found "that [Wilks] did not commit the 'strong armed robbery' charged at the discharge meeting, nor the assault or theft thereafter recorded on the termination slip, and that the Company lacked just cause to discharge [him]." Plaintiffs' Exh. 1. Thus, unless that finding has been properly challenged and set aside—which it has not—defendant is bound by it for all subsequent purposes, just as it would be by a court judgment. In

stating its intention not to accept "the underlying ruling of the arbitrator with respect to the facts," Defendant's Exh. 3, and in discharging Wilks a second time, defendant simply ignored its obligation under the law and under the Arbitrator's decision.

7. Had defendant established that it had some basis for the second discharge other than the 1980 incident, it might well have been proper for the court to refer the case to arbitration for a determination whether that other basis constituted just cause for discharge under the collective bargaining agreement. Defendant has not done that. Defendant's claim (unsupported by evidence, contrary to the evidence, and made only by argument of counsel) that it had some other basis for the second discharge, is just a pretextual attempt to cover up its blatant violation of the Arbitrator's award. *Little Six Corp. v. United Mine Workers,* 701 F.2d 26 (4th Cir.1983), does not require a different result. Here, by contrast with *Little Six,* the court has not been asked to interpret an Arbitrator's award, to extrapolate from it, or to apply it to a new set of facts. The court has merely had to determine whether plaintiff Wilks was discharged in 1982 for exactly the same reason he was discharged in 1980. All the evidence cries, "Yes, he was!"

8. Because the defendant acted in bad faith and without justification in discharging plaintiff Wilks in violation of the arbitrator's award, plaintiffs are entitled to recover from defendant their expenses in bringing this action, including reasonable attorneys' fees. *See Hall v. Cole,* 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702 (1973); *Local No. 149, United Automobile, Aircraft and Agricultural Implement Workers of America v. American Brake Shoe Co.,* 298 F.2d 212, 216 (4th Cir.), *cert. denied,* 369 U.S. 873, 82 S.Ct. 1142, 8 L.Ed.2d 276 (1962) (attorneys' fees should be awarded in a § 301 suit against a party who, without justification, refuses to abide by the award of an arbitrator).

A judgment will be entered based upon these findings of fact and conclusions of law.

## JUDGMENT

In accordance with the findings of fact and conclusions of law entered herewith,

IT IS ORDERED, ADJUDGED AND DECREED:

1. That the preliminary injunction entered by this court on May 28, 1982, requiring defendant to reinstate plaintiff is hereby made permanent.

2. That defendant is hereby enjoined from (a) further violating the July 31, 1981 arbitration award; (b) taking any further action against plaintiff based upon the December 27, 1980 incident with Kyle Rash; and (c) retaliating against plaintiff in any way for bringing this action.

3. That defendant reimburse plaintiff Wilks in full for his loss of pay and all fringe benefits plus interest from the time of his March 9, 1982, discharge until he was reinstated.

4. That plaintiffs recover the costs of this action, including reasonable attorneys' fees.

5. That defendant shall post copies of this order on bulletin boards and in other conspicuous places in its Charlotte facilities so that it may come to the attention of all members of plaintiff Wilks' bargaining unit.

6. Counsel for plaintiff will tender a petition for fees and expenses.