Bienvenido DIAZ, et al.,
Plaintiffs-Appellees,

v.

**SCHWERMAN TRUCKING COMPANY,**
Defendant-Appellant.

No. 81–5667.

United States Court of Appeals,
Eleventh Circuit.

June 30, 1983.

**1372**

Hogg, Allen, Ryce, Norton & Blue, Donald T. Ryce, Jr., Barry Jay Warsch, Coral Gables, Fla., for defendant-appellant.

Harold Bronstein, Coconut Grove, Fla., for plaintiffs-appellees.

Before TJOFLAT, CLARK and MILLER *, Circuit Judges.

PER CURIAM:

In this case, Schwerman Trucking Company (Schwerman) appeals the district court's summary enforcement of an arbitration award made under a collective bargaining agreement.[1] We vacate the district court's enforcement order and remand the case for further proceedings because a critical factual issue remains to be litigated.

Schwerman is a Miami based trucking firm. It is bound by a collective bargaining agreement that provides, *inter alia,* that Schwerman will not decrease the hauling rates paid employees. The agreement also

---

\* Honorable Jack R. Miller, U.S. Circuit Judge for the Federal Circuit, sitting by designation.

1. Although the district court clerk failed to enter the final judgment as required by Rule 58, Fed.R.Civ.P., the parties have not objected to this omission. Instead, the parties have treated the district court's dispositive order as the entry of final judgment. In so doing, they have waived the technical requirement that a separate document be filed entering the judgment. *See Bankers Trust Co. v. Mallis,* 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978). Accordingly, we treat the order as final and, therefore, appealable under 28 U.S.C. § 1291 (1976).

provides that all employee grievances involving the collective bargaining agreement are to be settled by Schwerman and the employee's collective bargaining representative, Teamsters Local Union No. 769 (Union), and if settlement is not possible, by arbitration. Despite the first of the provisions stated above, on May 24, 1978, Schwerman unilaterally reduced the hauling rates paid some employees. The employees objected to these new rates and attempted, through the Union, to settle the grievance. Schwerman and the Union could not settle the dispute so they referred the matter to an arbitrator.

On May 15, 1979, the arbitrator rendered his decision, holding simply that the employees' "grievance is sustained and that the relief sought by the Union is granted." Schwerman responded to this decision by agreeing to pay the employees, henceforth, the proper hauling rates. Schwerman refused, however, to compensate the employees fully for the losses they had sustained since May 24, 1978, the date it improperly reduced the hauling rates. Schwerman relied on Article VIII, Section 1(b), of the collective bargaining agreement to justify this refusal. This section provides in pertinent part: "In the event final disposition of any grievance takes more than thirty days (30) from the day of occurrence, and any arbitral award is issued proving [sic] for back wages, the [employees] involved shall never be entitled to an amount exceeding thirty days of pay." Schwerman argued that this provision limited its back pay liability to the thirty-day period immediately preceding the date of the arbitral award. Therefore, Schwerman offered to adjust the hauling rates paid employees only for that thirty-day period.

2. Section 301(a), 29 U.S.C. § 185(a) provides: Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

The Union objected to this interpretation of the provision, however, arguing that the provision limited Schwerman's liability for back pay to an amount equal to thirty days pay, regardless of the time period the back pay covers. After some discussion of the matter, Schwerman and the Union settled their dispute, agreeing that Schwerman would extend the back pay award to October 12, 1978, the date that the Union filed the employees' grievance. Several employees of Schwerman objected to this interpretation of the arbitration award, however, and brought this suit in the district court against Schwerman to enforce the arbitration award effective May 24, 1978. They alleged that the court had subject matter jurisdiction of their case under section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 (1976).[2] The employees did not join the Union as a party defendant in the suit, but instead merely alleged in the complaint that they had

> requested that [the Union] enforce their rights pursuant to the arbitration award, but [the Union's] action or lack of action on behalf of the [employees] has been arbitrary, capricious, discriminatory, and in bad faith, and in violation of the statutory duty of fair representation owed the [employees] by their collective bargaining representative.

When Schwerman denied liability, the parties commenced discovery.

During discovery, the parties filed a joint pretrial stipulation that stated that the only issue of fact to be litigated at trial was whether Schwerman had paid the employees the back pay due under the arbitrator's decision. The joint pretrial stipulation also stated that five issues of law remained for the court's determination. These issues of

The employees also alleged that subject matter jurisdiction existed under 28 U.S.C. § 1331 (1976 & Supp. V 1981) and 28 U.S.C. § 1337 (1976 & Supp. V 1981). We intimate no view on whether these two statutes provided the district court with subject matter jurisdiction because we hold that the court had jurisdiction under section 301.

law were: (1) whether the district court has subject matter jurisdiction of the complaint; (2) whether the employees have standing under 29 U.S.C. § 185 (1976) to compel enforcement of the arbitrator's decision; (3) whether the district court should dismiss the complaint pursuant to Rule 19, Fed.R.Civ.P., for failure to join an indispensable party, the Union; (4) whether the employees have individually or collectively stated a claim upon which relief may be granted; and (5) whether Gilberto Gonzalez (an employee and one of the plaintiffs) is entitled to payment under the arbitrator's decision.

On November 17, 1980, the district court held a pretrial conference, during which the issues raised in the joint pretrial stipulation apparently were discussed.[3] On December 19, 1980, the district court referred the matter to the arbitrator so that he could clarify the time frame covered by his back-pay award. On February 9, 1981, the arbitrator issued his response, stating that it was his intention "that back pay was to be granted to the date that [Schwerman] unilaterally deviated from the past form of compensation, that is on or about May 24, 1978." With this clarification, the district court, on March 11, 1981, *sua sponte* issued an order enforcing the award.

Schwerman appealed that order, contending that the district court erred in entering the final order *sua sponte,* without holding a trial or deciding the five issues of law stated in the parties' pretrial stipulation. Because the district court, in its final order, did not explicitly resolve these issues of law or indicate elsewhere in the record that it had resolved them, we remanded the case to the district court for the limited purpose of deciding these issues. The district court having entered these decisions and forwarded them to this court, and the parties having had the opportunity to file supplemental briefs on these decisions, we are now

able to address Schwerman's arguments concerning four of these issues,[4] as well as its argument that the district court improperly entered the enforcement order without holding a trial.

■ Schwerman's first contention is that the district court lacked subject matter jurisdiction of the employees' suit under section 301 of the LMRA. Section 301, which provides for suits in the district court between labor organizations and employers for violation of collective bargaining agreements, also allows suits, based on such a violation, by and against employees. *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 562, 96 S.Ct. 1048, 1055, 47 L.Ed.2d 231 (1976). "[C]ontrary to earlier indications § 301 suits encompass those seeking to vindicate 'uniquely personal' rights of employees such as wages'. . . ." *Id.* (quoting *Smith v. Evening News Association,* 371 U.S. 195, 198–200, 83 S.Ct. 267, 269–70, 9 L.Ed.2d 246 (1962)). Since the employees' suit is clearly founded upon a breach of the collective bargaining agreement and involves wages, a matter *Hines* and *Smith* expressly held to be a proper subject of an employees' section 301 suit, we affirm the district court's holding that subject matter jurisdiction existed under section 301.

■ Schwerman next contends that the employees do not have standing to bring this action. To prove standing, however, the employees need show only that they "personally would benefit in a tangible way from the court's intervention." *Warth v. Seldin,* 422 U.S. 490, 508, 95 S.Ct. 2197, 2210, 45 L.Ed.2d 343 (1975); *see Santos v. District Council,* 547 F.2d 197, 199–200 (2d Cir.1977). We believe that the employees have sufficiently shown such a benefit. If their suit succeeds, the employees will recover back pay. A more tangible benefit is difficult to imagine. We affirm, therefore,

---

**3.** The pretrial conference was not recorded, nor was a pretrial order subsequently entered that details the discussions or decisions made during the conference. Therefore, we do not know exactly what transpired at the conference.

**4.** The district court decided one of the five issues—whether Gilberto Gonzalez is entitled to payment under the arbitrator's decision—in favor of Schwerman. The employees do not cross-appeal that decision.

the district court's holding that the employees have standing to maintain this action.

 Schwerman's third contention is that the district court improperly denied its Rule 19, Fed.R.Civ.P.,[5] motion to dismiss for failure to join an indispensable party, the Union. We again affirm the district court's ruling. This action is, in essence, an action by the employees against their employer for back pay. In such a suit, the Union cannot be considered an indispensable party. For without joining the Union, the employees can nonetheless be accorded the relief they seek from Schwerman, with no Union interest impaired, and without forcing Schwerman to face the risk of inconsistent obligations. Therefore, joinder of the Union is not necessary for just adjudication of this action. Moreover, we note that the Supreme Court has implicitly recognized this holding in *Vaca v. Sipes,* 386 U.S. 171, 186–87, 87 S.Ct. 903, 914–15, 17 L.Ed.2d 842 (1967), when it held that an employee, seeking enforcement of rights accorded him under a collective bargaining agreement, could sue the employer and union in separate actions. *Accord, United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 73, 101 S.Ct. 1559, 1569 n. 2, 67 L.Ed.2d 732 (1981) (Stevens, J., concurring in part and dissenting in part).

 Schwerman's final two contentions are that the employees' complaint failed to state a claim for relief, and that the district court committed reversible error in *sua sponte* enforcing the arbitrator's award without holding a trial. "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Here, the employees alleged that Schwerman breached the collective bargaining agreement's provision on employee wages; that they objected to this breach; that the Union and Schwerman submitted the matter to arbitration; that the arbitrator sustained the employees' grievances; that Schwerman refused to comply with the arbitrator's decision; and that the Union did not enforce the arbitrator's decision, breaching its duty of fair representation. Because these allegations, if proven, state a claim against Schwerman, *see, e.g., Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), we conclude that the district court properly denied Schwerman's motion to dismiss for failure to state a claim for relief.

 The district court erred, however, in summarily disposing of the case because a factual issue remained as to one element of the employees' claim—whether the Union breached its duty of fair representation.[6] As the courts have made clear, when

---

5. Rule 19(a) provides that a person shall be joined as a party in the action if

(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

6. We note that the district court could, contrary to Schwerman's argument, summarily have decided this matter without trial if no issue of material fact existed. The district court possesses such power under Rule 16, Fed.R.Civ.P., and need not wait for a party to move for summary judgment. *See Holcomb v. Aetna Insurance Co.,* 255 F.2d 577, 580 (10th Cir.), *cert. denied,* 358 U.S. 879, 79 S.Ct. 118, 3 L.Ed.2d 110 (1958) (at the pretrial conference, "the court has the power to compel the parties to agree to all facts concerning which there can be no real issue.") (citations omitted); *Berger v. Brannan,* 172 F.2d 241, 243 (10th Cir.), *cert. denied,* 337 U.S. 941, 69 S.Ct. 1519, 93 L.Ed. 1746 (1949) ("The spirit of a pre-trial procedure is not only to call the parties together and ask them to stipulate as to all matters concerning which there can be no dispute, but to compel them to stipulate .... Without Rule 16, the court always has had the power to ask the parties to meet and request them to try and get together on all such matters. The purpose of the pre-trial procedure is to compel them to do this."); *Pifcho v. Brewer,* 77 F.R.D. 356, 357 (M.D.Pa.1977) ("[J]ust as the Court may render

an employee sues his employer under section 301 for breach of uniquely personal rights created by a collective bargaining agreement, after the employer has settled the controversy with the employee's union representative pursuant to binding grievance procedures in the collective bargaining agreement, the employee is "required in some way to show that the Union's duty to represent him fairly ... [has] been breached before he [is] entitled to reach the merits of his contract claim." *United Parcel Services, Inc. v. Mitchell,* 451 U.S. 56, 62, 101 S.Ct. 1559, 1564, 67 L.Ed.2d 732 (1981); *accord, Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 570–71, 96 S.Ct. 1048, 1059–60, 47 L.Ed. 231 (1976) ("To prevail against either the company or the Union, [the employees] must not only show that [the employer breached] the contract but must also carry the burden of demonstrating breach of duty by the Union."); *Freeman v. O'Neal Steel, Inc.,* 609 F.2d 1123, 1128 (5th Cir.), *cert. denied,* 449 U.S. 833, 101 S.Ct. 104, 66 L.Ed.2d 39 (1980) ("Because we find that the union's [conduct] was not a breach of its duty of fair representation, we need not decide whether the [employer breached] the employment contract."); *Higdon v. United Steelworkers,* 537 F.Supp. 653 (S.D.Ga.1982) (where employee brought § 301 action against employer alleging breach of collective bargaining agreement and against union alleging breach of duty of fair representation, court entered summary judgment in favor of union and therefore in favor of the employer as well). In this case, the district court made no finding with regard to the Union's duty of fair representation; in fact, the court, acting *sua sponte,* precluded the parties from introducing evidence on this issue. Since this factual element is an "indispensable predicate" of the employees' claim against the employer, *see Mitchell,* 451 U.S. at 55, 101 S.Ct. at 1563–64, we vacate the district

court's judgment and remand for further proceedings on this issue.[7]

VACATED and REMANDED for further proceedings.

judgment on immaterial issues" in its pretrial order, it may also render judgment on "issues for which there is no dispute of material fact."); 6 C. Wright & A. Miller, Federal Practice & Procedure, Civil § 1527, at 601 (1971) ("the pretrial judge has the power to compel the parties to stipulate to all nondisputed facts.").

7. This disposition of the case makes it unnecessary for us to consider Schwerman's claim that the arbitrator exceeded his powers under the collective bargaining agreement in entering the award.