CANNELTON INDUSTRIES,
INC., Plaintiff,

v.

DISTRICT 17, United Mine Workers
of America, et al., Defendants.

No. Civ.A. 2:99–00070.

United States District Court,
S.D. West Virginia,
Charleston Division.

April 19, 1999.

Michael W. Carey and Pamela C. Deem, Carey, Hill, Scott, Winter & Johnson PLLC, Charleston, WV, for plaintiff.

William D. Ryan, UMWA, Charleston, WV, for defendants.

### MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are motions to dismiss filed by District 17, United Mine Workers of America ("District 17") and by Rick Miles. The motions are ripe for review. After careful consideration, the Court **DENIES** District 17's motion and **GRANTS** Defendant Rick Miles' motion.

### I. FACTUAL BACKGROUND

On March 5, 1997 Rick Miles filed a grievance pursuant to the labor agreement between Cannelton Industries, Inc. ("Cannelton") and Defendants District 17 and Local Union 8843, United Mine Workers of America ("Local 8843," "Local"). The grievance was referred to arbitration and heard on September 29, 1998 by Arbitrator Norman R. Harlan. Harlan rendered an award on October 31, 1998, sustaining the grievance filed by Miles.

Copies of the decision were forwarded by mail. Robert Phalen, District 17's President, has stated all mail is date-

stamped the day it is received. District 17's copy of the award is date-stamped November 6, 1998.

On January 28, 1999 Cannelton Industries, Inc. ("Cannelton") filed a Complaint with this Court, seeking to vacate the arbitration award. District 17 and Local 8843 counterclaimed to enforce the arbitration award.

When Cannelton's process server, William Pauer, has served process on District 17 and its president Robert Phalen on prior occasions, he was directed every time to see Phyllis Glaspell. Pauer Aff., Ex. A, Pl.'s Resp. Dist. 17 Mot. Dis. When Glaspell was not in the office, the receptionist directed him to return when Glaspell was available. *Id.* Pauer believed Glaspell was "in charge of the administration of the office of Robert Phalen and District 17" and that she "had the authority to receive process for Mr. Phalen and District 17." *Id.* Based on her "apparent responsibility to receive and relay personal, written and oral communications to and from District 17, UMWA, and Robert Phalen, and because she had accepted service of process on other occasions," Pauer believed she was not only an agent of District 17, but also an agent of Phalen. *Id.* Pauer stated Glaspell has "accepted service of process from [him] in the past" and that no one at District 17's office has ever told him Glaspell is not authorized to accept service of process. *Id.*

Although she did not recall the exact details of the occasions to which Pauer cited, Glaspell stated she always informs process servers that she is not authorized to accept service of process for District 17. Glaspell Aff., Ex. B, District 17's Reply Mem. Similarly, she stated she never gives process servers any reason to believe she is authorized to accept service of process for District 17. *Id.* She stated she asks them to see Phalen, even if it means they wait for Phalen to finish a meeting or telephone call. *Id.* If Phalen is out of the office, she tells the server when Phalen is expected to return. *Id.* Nonetheless, she

acknowledged process servers have occasionally "left papers on [her] desk even after being told [she] cannot accept them." *Id.*

On January 29, 1998 Pauer went to District 17's office to serve a summons in the instant case. He was directed to see Glaspell who stated Phalen was out of the office and would not return that day. Phalen Aff., Ex. A., Pl.'s Resp. Mem. After stating he had something to serve, he asked, "Can I leave this with you?" to which she replied, "No, I don't know when I'll see him again." *Id.* Pauer nonetheless placed the summons and Complaint on Glaspell's desk and stated he believed the delivery was good service. *Id.* Glaspell responded, "I'll make a note of it." *Id.*

On February 16, 1999 Defendant Rick Miles moved to dismiss, arguing he is an improper party. The next day District 17 moved to dismiss, arguing Plaintiff failed to make proper service of process within the statute of limitations.

## II. DISCUSSION

### A. Service of Process

As this Court has recognized previously, Neither section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a), nor West Virginia law, provide a statute of limitations for actions to vacate arbitration awards. *Sheet Metal Workers Int'l v. Power City Plumbing & Heating, Inc.,* 934 F.2d 557, 559 (4th Cir.1991). Consequently, the Fourth Circuit Court of Appeals has approved borrowing the limitations period found in section 12 of the Federal Arbitration Act, (hereinafter, FAA), 9 U.S.C. § 12, for section 301 actions brought in the federal courts of West Virginia to vacate arbitration awards. *Id.* at 560. In accordance with section 12, "[n]otice of a motion to vacate, modify or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12.

*Eagle Energy, Inc. v. District 17, UMWA,* 177 F.R.D. 357, 358 (S.D.W.Va.1998) (Haden, C.J.) (quoting *Hobet Mining, Inc. v. Int'l Union, UMWA,* 877 F.Supp. 1011, 1016–17 (S.D.W.Va.1994) (Copenhaver, J.)). Under this standard, service must have been made in the instant case, at the latest, by February 6, 1999.

The Court need not address the propriety of service under *Rule* 4(h), *Federal Rules of Civil Procedure,* because service is proper under 29 U.S.C. § 185, which states:

> The *service of summons,* subpoena, or other legal process of any court of the United States *upon an officer or agent of a labor organization, in his capacity as such, shall constitute service upon the labor organization.*

> For the purposes of this section, in determining whether any person is acting as an "agent" of another person so as to make such other person responsible for his acts, the question of whether the specific acts performed were actually authorized or subsequently ratified shall not be controlling.

29 U.S.C. § 185(d), (e) (emphasis added).

■ As secretary to District 17 President Phalen, Glaspell was an agent of the union and received process in her capacity as such. Subsection (e) makes clear that Glaspell's lack of actual authority to receive process does not control. At least one other district court in our Circuit has acknowledged, under the broad reach of Section 185(d), service upon a labor union may be met by serving an employee. *See Johnson v. United Steel Workers of America,* 172 F.R.D. 185, 186 n. 2 (W.D.Va.1997) (noting, without question, the Union did not contend service upon an employee was improper service upon the Union). When viewed in light of the background and purpose of Section 185, the broad reach of Section 185(d) and (e) is understandable.

The section, on its face, appears to be concerned with the proper agent for receipt of process upon the union and not the locale of service, and this reading is supported by the legislative history of the Labor Management Relations Act. Section 185 was designed to provide a federal forum for the adjudication of disputes between unions and employers arising out of violations of collective bargaining agreements. Prior to the enactment of § 185(d), a major obstacle to such suits had been the status of unions under state law as unincorporated associations. As such, they lacked capacity to sue and be sued and, concomitantly, could not be summoned before the court by service of process upon their agents. We believe that Congress enacted § 185(d) in order to remove such obstacles by providing that the service of summons upon an agent of a union would be adequate to subject such union to the jurisdiction of the federal court issuing the summons.

*Central Operating Co. v. Utility Workers of America, AFL—CIO,* 491 F.2d 245, 249 (4th Cir.1974). Accordingly, because service was proper under 29 U.S.C. § 185, the Court **DENIES** District 17's motion to dismiss.

### B. Proper Party to an Action to Vacate Arbitration Award

■ Union member Rick Miles moves to dismiss, arguing he is an improper party to a suit to vacate an arbitration award. This Court has recognized previously that an individual union member generally has no standing under Section 301 of the Labor Management Relations Act to challenge, modify or confirm arbitration awards. *Smoot v. Eagle Energy, Inc.,* slip op. at 2 (S.D.W.Va. May 13, 1998) (Knapp, J.); *see also Katir v. Columbia Univ.,* 15 F.3d 23, 24–25 (2d Cir.1994). The Seventh Circuit has noted two exceptions, one of which deserves attention here.[1] *See Mar-*

---

1. The other exception applies when an employee states a Section 301 fair representation claim against the union, and the challenging or confirmation of the arbitration award is integral to the fair representation claim. *Martin v. Youngstown Sheet & Tube Co.,* 911

*tin v. Youngstown Sheet & Tube Co.*, 911 F.2d 1239, 1244 (7th Cir.1990), *abrogation recognized on other grounds, Ooley v. Schwitzer Div., Household Mfg., Inc.*, 961 F.2d 1293 (7th Cir.), *cert. denied*, 506 U.S. 872, 113 S.Ct. 208, 121 L.Ed.2d 148 (1992). An employee may defend a suit to challenge an arbitration award favorable to the union if the union chooses not to defend it and the union acquiesces in the employee's defense. *Id.* (citing *F.W. Woolworth Co. v. Miscellaneous Warehousemen's Union*, 629 F.2d 1204 (7th Cir.1980), *cert. denied, sub nom. F.W. Woolworth Co. v. Fell*, 451 U.S. 937, 101 S.Ct. 2016, 68 L.Ed.2d 324 (1981)). Here, however, the exception does not apply because the Union is defending the award.

The Seventh Circuit explained that the union member is not a proper party because he is not a signatory to the collective bargaining agreement at issue, *Martin*, 911 F.2d at 1243, nor was he a party to the arbitration proceeding, *id.* at 1245. *See also Smoot*, slip op. at 3. Here, the Union confirms Miles was not a party to the arbitration proceeding. Indeed, Cannelton does not object to Miles' dismissal if the Union will represent Miles' interests and the Court can resolve the ultimate issue without Miles as a party. The Union confirms it represents Miles' interests, Reply Mem. at 3–4, and the Court notes District 17 and Local 8843 have counterclaimed to enforce the arbitration award. After careful consideration and review of the case law, the Court **GRANTS** Miles' motion to dismiss him as a party.

### III. CONCLUSION

Accordingly, the Court (1) **DENIES** District 17's motion to dismiss; (2) **GRANTS** Rick Miles' motion to dismiss; and (3) **ORDERS** all claims against Rick Miles **DISMISSED.**

F.2d 1239, 1244 (7th Cir.1990), *abrogation recognized on other grounds, Ooley v. Schwitzer Division, Household Manufacturing, Inc.*, 961 F.2d 1293 (7th Cir.), *cert. denied*, 506 U.S.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record and any unrepresented parties.

872, 113 S.Ct. 208, 121 L.Ed.2d 148 (1992). The Court notes there is no allegation in the instant case the Union breached its duty of fair representation.