James SANDERS, Plaintiff,

v.

PECHINEY ROLLED PRODUCTS, LLC, and Local No. 5668, United Steel Workers of America, AFL–CIO, Defendants.

No. CIV.A. 3:03–0024.

United States District Court, S.D. West Virginia, Huntington Division.

May 1, 2003.

Dwight J. Staples, Gail Henderson-Staples, Henderson, Henderson & Staples, Huntington, WV, for James Sanders.

Christopher L. Slaughter, Steptoe & Johnson, Charleston, WV, for Pechiney Rolled Products LLC.

James M. Haviland, Crandall, Pyles, Haviland & Turner, LLP, Charleston, WV, Joseph P. Stuligross, Pittsburgh, PA, for Local No. 5668, united Steelworkers of America, AFL-CIO.

## MEMORANDUM OPINION AND ORDER

CHAMBERS, District Judge.

Pending before the Court is Defendant's, Pechiney Rolled Products, LLC (Pechiney), Motion to Dismiss Or, In The Alternative, For Summary Judgment. For the reasons set forth herein, Defendant's Motion is **GRANTED**.

### I.

Under each of the standards described below, the facts of the case should be viewed in a light most favorable to Plaintiff. Prior to January 14, 2002, James Sanders was employed in Pechiney's casting department. Pechiney manufactures ingots and sells aluminum. Mr. Sanders was suspended from work and ultimately fired on January 14, 2002, for "substandard quality or quantity in work performance," a charge which Mr. Sanders disputes. Local 5668, United Steelworkers of America, AFL–CIO (Union) filed a grievance on behalf of Mr. Sanders, which reached a step five arbitration proceeding on August 1, 2002. On October 7, 2002, an Opinion and Award directed that Mr. Sanders be reinstated with full seniority but without back pay.

In preparation for returning to work, Mr. Sanders took a physical at Pechiney's medical office on October 16, 2002, which he passed. On October 22, 2002, Mr.

Sanders called his Union representative to inquire as to his date to return to work and was told that Pechiney would call him. Mr. Sanders called his Union representative a second time on October 28, 2002 and was told that the representative would contact Pechiney.

On November 6, 2002, Mr. Sanders received a certified letter dated October 29, 2002, from Pechiney, terminating Sanders' employment for violating the company's absentee program. The letter stated that Sanders had failed to report to work on October 24, 2002 or on any day since. The Union filed a second grievance which is currently set for arbitration before the original arbitrator on May 13, 2003.

Sanders filed the present action on January 9, 2003. Count I of the Complaint alleges breach of the collective bargaining agreement and seeks to enforce the October 7, 2002 arbitration award. Count II is entitled "Unfair Labor Practice" and alleges that the "employer's flagrant disregard for the collective bargaining process and for the rights of the plaintiff to be reinstated pursuant to the arbitration decision is an unfair labor practice pursuant to the Labor Management Relations Act, 1947, (29 USCA § 158)." A hearing was held on the present motion on April 28, 2003.

## II.

Pechiney challenges both counts of the Complaint. With regard to Count I, Pechiney argues in the alternative that the Court should dismiss the count because Plaintiff has failed to state a claim for which relief may be granted or the Court should grant summary judgment because the Plaintiff has failed to establish an issue as to a material fact that would support his claim. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defending party may move to dismiss if the pleading party has failed to state a claim for which relief may be granted. A Rule 12(b)(6)

motion tests the sufficiency of the pleading but does not resolve factual disputes, the merits of a claim, or the applicability of defenses. *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir.1992). In considering the motion, the claims must be viewed in the light most favorable to the non-moving party and all allegations accepted as true. *Id. See also Darcangelo v. Verizon Communications, Inc.,* 292 F.3d 181, 189 (4th Cir.2002). Dismissal is appropriate only when it appears beyond a doubt that no set of facts would entitle the pleader to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The motion to dismiss for failure to state a claim is viewed with disfavor and rarely granted. *See Rogers v. Jefferson–Pilot Life Ins. Co.,* 883 F.2d 324, 325 (4th Cir.1989) (reaffirmed in *Mylan Lab., Inc. v. Matkari,* 7 F.3d 1130, 1134 n. 4 (4th Cir.1993)).

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P.* 56(c). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). *See also Thompson v. Aluminum Co. of Am.,* 276 F.3d 651, 656 (4th Cir.2002).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or

her] favor[.]" *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505.

With respect to Count II, Pechiney argues that the count should be dismissed because this Court lacks jurisdiction to hear it. A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure raises the fundamental question of whether a court is competent to hear and adjudicate the claims brought before it. Pechiney questions whether the allegations in the complaint are sufficient to sustain the Court's jurisdiction. "In that event, all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir.1982).

### III.

Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, provides for suits by and against labor organizations. With respect to federal court jurisdiction, the statute provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). The Supreme Court has also created a "hybrid 301" action by which employees may sue their employers for a breach of the collective-bargaining agreement:

> Such a suit, as a *formal matter,* comprises two causes of action. The suit against the employer rests on § 301, since the employee is alleging a breach of the collective-bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act. "Yet the two claims are inextricably interdependent. 'To prevail against either the company or the Union, . . . [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union.'" The employee may, if he chooses, sue one defendant and not the other, but the case he must prove is the same whether he sues one, the other, or both. The suit is thus not a straightforward breach-of-contract suit under § 301 . . . but a hybrid § 301/fair representation claim, amounting to "a direct challenge to 'the private settlement of disputes under [the collective-bargaining agreement].'"

*DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 163–5, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) (internal citations omitted). *See also Thompson v. Aluminum Co. of Am.,* 276 F.3d 651 (4th Cir. 2002). Pechiney's motion is based on the plaintiff's failure to allege any breach of duty by the Union.

In his response to Pechiney's motion, Plaintiff contends that "the present action is simply one to enforce an arbitration award and in no sense a so-called 'Hybrid 301' claim in which a breach by the Union of its duty of fair representation must first

be demonstrated." (Plaintiff's Memorandum in Opposition to Pechiney's Motion to Dismiss at 6). Thus, the primary issue presented to the Court is whether or not Plaintiff has alleged facts sufficient to sustain a claim for enforcing an arbitration award when Plaintiff has not alleged any wrongdoing by the Union.

■ Section 301 of the LMRA provides jurisdiction for suits in the district court between labor organizations, employers, and employees for violations of collective bargaining agreements. *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 562, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976). Suits under § 301 "encompass those seeking to vindicate 'uniquely personal' rights of employees such as wages." *Id.* (quoting *Smith v. Evening News Ass'n,* 371 U.S. 195, 198–200, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962)).

■ The Eleventh Circuit has addressed the required showing that the plaintiff in this case must make to prevail on his claim.

> As the courts have made clear, when an employee sues his employer under section 301 for breach of uniquely personal rights created by a collective bargaining agreement, after the employer has settled the controversy with the employee's union representative pursuant to binding grievance procedures in the collective bargaining agreement, the employee is "required in some way to show that the Union's duty to represent him fairly ... [has] been breached before he [is] entitled to reach the merits of his contract claim."

*Diaz v. Schwerman Trucking Co.,* 709 F.2d 1371, 1375–76 (11th Cir.1983) (quot-

ing *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981)). In *Diaz,* the Eleventh Circuit upheld the district court's denial of a motion to dismiss for failure to state a claim because the plaintiff-employee had alleged, *inter alia,* that the employer refused to comply with the arbitrator's decision and that the union did not enforce the decision, thereby breaching its duty of fair representation. *Id.* at 1375.

■ The Second Circuit has also addressed the case where an employee brings suit to challenge an arbitration award, holding:

> If there is no claim that the union breached its duty of fair representation, an individual employee represented by a union generally does not have standing to challenge an arbitration proceeding to which the union and the employer were the only parties. [Plaintiff] was not a party to the arbitration between the Union and [employer]. In addition, nothing in [plaintiff's] petition supports a claim for breach of duty on the part of the Union. Accordingly, [plaintiff] lacks standing to challenge the award, and her petition was properly dismissed.

*Katir v. Columbia Univ.,* 15 F.3d 23, 24–25 (2nd Cir.1994) (internal citations omitted). The Eighth Circuit has also required a showing that the union breached its duty of fair representation in failing to enforce the arbitration award in order for an employee to prevail against the employer. *Livingstone v. Schnuck Mkt., Inc.,* 950 F.2d 579 (8th Cir.1991). The Seventh Circuit has noted that there are two exceptions to this rule, neither of which is applicable to the case at hand.[1]

---

1. *See Martin v. Youngstown Sheet and Tube Co.,* 911 F.2d 1239, 1244 (7th Cir.1990), abrogation recognized on other grounds, *Ooley v. Schwitzer Div., Household Mfg., Inc.,* 961 F.2d 1293 (7th Cir.), *cert. denied,* 506 U.S. 872, 113 S.Ct. 208, 121 L.Ed.2d 148 (1992). First, an

employee may defend a suit to challenge an arbitration award that is favorable to the union if the union chooses to both not defend it and acquiesce in the employee's defense. *Id.* Second, an employee may state a fair repre-

In a similar factual case to the one at hand, a court in this district recently affirmed the requirement that an employee must demonstrate bad faith on the part of the union to enforce an arbitration decision against the employer. *Smoot v. Eagle Energy, Inc.*, Civil Action No. 2:98–0153, 1998 U.S. Dist. LEXIS 22469 (S.D.W. Va.1998) (Knapp, J.). *See also Cannelton Indus., Inc., v. District 17, United Mine Workers of Am.*, 46 F.Supp.2d 500 (S.D.W.Va.1999) (Haden, C.J.). In *Smoot*, the district court evaluated the complaint based on the *Katir* principle that "individual union members do not generally have standing under Section 301 of the Labor Management Relations Act to challenge, modify, or confirm arbitration awards." *Id.* The court then dismissed the action because "plaintiff herein is not a party to the arbitration award and, therefore, cannot seek to enforce the award even though the award addresses plaintiff's recall rights." *Id.* The court particularly relied on the fact that the union was contemporaneously seeking to enforce the arbitration through a separate legal action, in much the same way as the Union in the present case is doing through its grievance procedures.

Plaintiff makes several arguments to support the adequacy of the complaint. First, Plaintiff points out that the Union and Pechiney have agreed to an arbitration procedure for settling grievances. Plaintiff goes on to state "[n]aturally, in signing the CBA both Pechiney and the Union agreed to abide by the results of any arbitration award. In this case, the Union has done so but Pechiney has not. Because it has not, *Mr. Sanders* has a cause of action against Pechiney for breach of contract." (Plaintiff's Memorandum in Opposition to Pechiney's Motion to Dismiss at 7) (emphasis added). This is an inaccurate statement.

■ The cause of action in this case belongs to the Union, not to Mr. Sanders because Mr. Sanders was neither a party to the collective bargaining agreement nor to the arbitration. As the Fourth Circuit has recently stated, "[a]n individual employee represented by a union, ... generally does not have standing to challenge, modify, or confirm an arbitration award because he was not a party to the arbitration." *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 131 (4th Cir.2002). In *Bryant*, the Fourth Circuit affirmed the district court's grant of defendant's motion for summary judgment because the plaintiff had not attempted to show that the union breached its duty of fair representation. Thus, the Court found that the plaintiff lacked standing to enforce the arbitration award. *Id.*

Plaintiff also relies on *Williams v. United States Steel*, 877 F.Supp. 1240 (N.D.Ind.) *aff'd* 70 F.3d 944 (7th Cir.1995). In *Williams*, an employee brought suit under § 301 to enforce an arbitration award that the union secured on his behalf. Defendant moved for summary judgment arguing that the complaint was time-barred based on the six-month limitation announced in *DelCostello*. The court found that, in the Seventh Circuit, unions did not have a duty to enforce an arbitration award. Therefore, the enforcement of the award is left to the employee through a straight § 301 suit, not a hybrid 301. *Id.* at 1244.

This Court declines to follow *Williams* for two reasons. First, the holding in *Williams* is contrary to the language discussed above in *Bryant*, which is the applicable law in this circuit. Second, it is extremely unclear as to whether *Williams* is even the governing law in the Seventh Circuit. In *Cleveland v. Porca Co.*, 38

sentation claim against the union under § 301, and the challenge or confirmation of

the arbitration award is integral to the claim. *Id.*

F.3d 289 (7th Cir.1994), the Seventh Circuit was presented with a group of employees who sued to enforce an arbitration order under § 301. The employees filed suit against the employer for violation of the collective bargaining agreement and against the union for breach of the duty of fair representation. The Seventh Circuit first analyzed the claim against the union and found no breach of duty. *Id.* at 295–96. The court went on to analyze the claim against the employer, holding:

> The plaintiffs lack standing to enforce the arbitration award, however, because when employees are represented by a union they are not parties to either the collective bargaining agreement or any union company arbitration.... The plaintiffs also cannot maintain a claim against (the employer) under Section 301 for breach of the collective bargaining agreement. To state such a claim, the plaintiffs must demonstrate that the employer breached the collective bargaining agreement and that the union violated its duty of fair representation.

*Id.* at 296–97. This Court is inclined to follow the holding of the Seventh Circuit rather than a district court therein, particularly since *Bryant* refers to and applies this language.

Next, Plaintiff relies on *Teamsters Local Union No. 171 v. Keal Driveaway Co.,* 173 F.3d 915 (4th Cir.1999). Plaintiff singularly relies on *Keal Driveaway's* discussion of the hybrid suit wherein the court stated, "[i]t is true that an employee or local union may maintain separate actions for distinct injuries resulting from an employer's breach of contract and a union's breach of its duty of representation in the handling of a subsequent grievance." *Id.* at 919. This statement is inapplicable to Plaintiff's argument. First, *Keal Driveaway* involved a motion to dismiss based on the failure to join a necessary party where a union which lost an arbitration sued the employer, but not the union that won the

arbitration. The issue was failure to add a necessary party, not standing to bring the action. Furthermore, the above quoted language only allows for suits to be brought by either an employee or a local union against both the employer and the union. The language does not, however, preempt the requirements of a suit by Sanders against Pechiney, one of which is to allege breach of duty of fair representation against the Union. *See DelCostello,* 462 U.S. at 165, 103 S.Ct. 2281.

Finally, Plaintiff relies on *Wilks v. American Bakeries Co.,* 563 F.Supp. 560 (W.D.N.C.1983). Plaintiff argues that *Wilks* is a factually similar case in which the employee was allowed to bring suit against the employer. *Wilks,* however, is not at all like the present case, because in *Wilks* both the employee and the union filed suit against the employer under § 301. There is no question that § 301 allows suits by unions against employers to enforce arbitration agreements. In the present case, not only is the Union a defendant, but Sanders has specifically denied any breach of a duty of fair representation by the Union. *Wilks* does not inform the present question.

▪ Plaintiff argues that it seems "bizarre" to allow repeated arbitrations to settle disputes over the enforcement of previous awards. Plaintiff's remedy is to bring a suit against Pechiney and allege a breach by the Union if he believes the Union is breaching its duty of fair representation by failing to seek enforcement of a favorable arbitration award. This would prevent Plaintiff's "Russian dolls hypothetical" wherein an endless string of arbitrations is required to enforce a single decision. As noted during argument, however, the Union is grieving the plaintiff's claim that his firing was improper and a pretext to circumvent the arbitrator's award.

## IV.

Count II of the Complaint alleges that Pechiney's failure to reinstate Plaintiff pursuant to the arbitration decision constitutes an unfair labor practice pursuant to 29 U.S.C. § 158. Pechiney argues that this Court does not have jurisdiction over this count because the National Labor Relations Board has exclusive jurisdiction over the claim. Plaintiff argues that since arbitration awards are enforced in federal courts, then this claim can also be heard in federal court. Plaintiff is again incorrect.

As discussed above, Plaintiff has not alleged facts sufficient to maintain its claim to enforce the arbitration decision. Therefore, if Count II merely alleges damages based on Pechiney's alleged refusal to implement the decision, then this count is repetitive and must also be dismissed. If, as Plaintiff seems to argue, this is a wholly separate count, then its jurisdiction must be separately assessed.

The Supreme Court has recently summarized the law with respect to federal court jurisdiction over unfair labor practice claims:

When a plaintiff challenges an action that is "arguably subject to § 7 or § 8 of the [NLRA]," this challenge is within the primary jurisdiction of the NLRB ... But when a plaintiff alleges a breach of the duty of fair representation, this claim is cognizable in the first instance in federal court. The qualification—if her challenge is a duty of fair representation claim—is important. The ritualistic incantation of the phrase "duty of fair representation" is insufficient to invoke the primary jurisdiction of federal courts. As we noted in *Beck*, "employees ... may not circumvent the primary jurisdiction of the NLRB simply by casting statutory claims as violations of the union's duty of fair representation." When a plaintiff's only claim is that the union violated the NLRA, the plaintiff cannot avoid the jurisdiction of the NLRB by characterizing this alleged statutory violation as a breach of the duty of fair representation. To invoke federal jurisdiction when the claim is based in part on a violation of the NLRA, there must be something more than just a claim that the union violated the statute. The plaintiff must adduce facts suggesting that the union's violation of the statute was arbitrary, discriminatory, or in bad faith ... The power of federal courts to resolve statutory issues under the NLRA when they arise as collateral matters in a duty of fair representation suit does not open the door for federal court first instance resolution of all statutory claims. Federal courts can only resolve § 7 and § 8 claims that are collateral to a duty of fair representation claim.

*Marquez v. Screen Actors Guild*, 525 U.S. 33, 49, 119 S.Ct. 292, 142 L.Ed.2d 242 (1998) (*citing San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 245, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959); *Vaca v. Sipes*, 386 U.S. 171, 177–183, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Communications Workers of Am. v. Beck*, 487 U.S. 735, 108 S.Ct. 2641, 101 L.Ed.2d 634 (1988)). Just as the Supreme Court has not allowed the bootstrapping of unfair labor practice claims by re-labeling them as a breach of the duty of fair representation, this Court will not allow identical bootstrapping by Plaintiff's characterization of his claim as enforcing an arbitration award. Plaintiff's Count II relies solely on 29 U.S.C. § 158 which is one of two sections that *Garmon* declares to be within the exclusive jurisdiction of the NLRB. *See Garmon*, 359 U.S. at 245, 79 S.Ct. 773. Plaintiff has failed to state a claim against Pechiney to enforce the arbitration award. This Court is not fooled by Plaintiff's semantics and an examination of the specific paragraphs of

Count II reveal that the Court has no jurisdiction to hear this claim.

### V.

Given the dismissal of Counts I and II against Pechiney, there are now no claims remaining in the Complaint against Pechiney Although the Union is a named defendant in the case, Plaintiff admits that "the Complaint in its present form does not charge the Union with any wrongdoing at all. That is, under the pleadings as they presently exist, the Union is a party only because it played a factual role in the procession of Mr. Sander's return to employment inquiries." (Plaintiff's Memorandum in Opposition to Pechiney's Motion to Dismiss at 9). Therefore, because there are no remaining claims, this case is dismissed.

### VI.

For the reasons set forth herein, Count I of the Complaint is **DISMISSED** for failure to state a claim and Count II of the Complaint is **DISMISSED** for lack of jurisdiction. Defendant's motion is **GRANTED**. Accordingly, the Court **ORDERS** that this action be dismissed.

The Court **DIRECTS** the Clerk to remove this action from the docket of this Court, to send a copy of this Order to counsel of record and any unrepresented parties and to publish it on the Court's website.