**Parvin KATIR, Petitioner–Appellant,**

v.

**COLUMBIA UNIVERSITY,
Respondent–Appellee.**

**No. 507, Docket 93–7613.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 20, 1993.

Decided Jan. 19, 1994.

---

Parvin Katir, pro se.

Michael T. McGrath, New York City (Joseph R. Parauda, Puntey, Twombly, Hall & Hirson, of counsel), for respondent-appellee.

Before: PRATT, McLAUGHLIN and JACOBS, Circuit Judges.

PER CURIAM:

Petitioner Parvin Katir appeals *pro se* from a judgment entered in the United States District Court for the Southern District of New York (Miriam Goldman Cedarbaum, *Judge*) granting respondent Columbia University's motion for summary judgment and dismissing Katir's petition. The district court held that Katir lacked standing to challenge an arbitration proceeding between Katir's union and her former employer. We affirm.

## I.

On April 10, 1992, Columbia University ("Columbia") fired Katir from her job for falsifying time sheets as a research assistant. Pursuant to its collective bargaining agreement with Columbia, Katir's union, the Supporting Staff Association, Local 693 S.E.I.U. (the "Union"), submitted a demand to arbitrate Katir's firing to the American Arbitration Association. Katir herself was not a party to the arbitration proceeding. Following a hearing, the arbitrator found that Columbia had "just cause" to fire Katir.

When the Union decided not to challenge the arbitrator's award on Katir's behalf, Katir filed her own petition in New York State Supreme Court seeking to vacate the arbitration award on the grounds of partiality, corruption, fraud and misconduct on the part of the arbitrator. Notably, Katir did not allege that the Union breached its duty of fair representation. Columbia removed the action to federal court pursuant to 28 U.S.C. § 1441, citing section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, as a jurisdictional basis. In an order dated May 18, 1993, the district court granted Columbia's motion for summary judgment on the ground that Katir lacked standing to challenge the arbitration award. 821 F.Supp. 900.

## II.

If there is no claim that the union breached its duty of fair representation, an individual employee represented by a union generally does not have standing to challenge an arbitration proceeding to which the union

and the employer were the only parties. *See Martin v. Youngstown Sheet & Tube Co.*, 911 F.2d 1239, 1244 (7th Cir.1990); *Vosch v. Werner Continental, Inc.*, 734 F.2d 149, 154 (3d Cir.1984), *cert. denied*, 469 U.S. 1108, 105 S.Ct. 784, 83 L.Ed.2d 779 (1985). Katir was not a party to the arbitration between the Union and Columbia. In addition, nothing in Katir's petition supports a claim for breach of duty on the part of the Union. Accordingly, Katir lacks standing to challenge the award, and her petition was properly dismissed.

On appeal, Katir asserts that "[i]t has always been [her] position that the Union breached its duty of fair representation," and contends that her failure to allege such a breach in her petition was the result of negligence by her union attorney. In support of her allegations, Katir now (and for the first time) attaches to her appellate brief correspondence between her and her former attorney, as well as a copy of a grievance filed against that attorney. "Upon review of a grant by a district court of a motion for summary judgment, a federal appellate court may examine only the evidence which was before the district court." *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 n. 3 (11th Cir. 1992). Therefore, we may not consider Katir's belated allegations of breach of duty.

Affirmed.