[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Robert Crim has filed an application to vacate an arbitration award. The defendants Yale University and the union, Local 34, Federation of University Employees, AFL-CIO, who were the parties to the arbitration, move to dismiss the plaintiffs application on the ground that he has no standing to prosecute the application.
On May 28, 1996, the plaintiff was terminated from his CT Page 1886 employment with Yale. As a union member, he was entitled to pursue certain remedies set forth in the collective bargaining agreement to contest his termination. Eventually the union, on Mr. Crim's behalf, took the matter to arbitration. On March 6, 1998, the arbitrator rendered her decision upholding the university's action.
On April 6, 1998, the plaintiff filed this application to vacate the award.
The law regarding the right of a union member to challenge an arbitration award is well-settled. State and federal courts must apply federal labor law in deciding disputes arising from private sector collective bargaining agreements. Teamsters Local 174 v.Lucas Flour Co., 369 U.S. 95 (1962). When the only parties to an arbitration are the union and the employer, an individual union member has standing to vacate an arbitrator's award only when the employee alleges that the union breached its duty of fair representation. Vaca v. Sipes, 386 U.S. 171, 185-87 (1967); Katirv. Columbia University, 15 F.3d 23, 24-25 (1994) (2d Cir. 1994).
The plaintiff lacks standing here. Accordingly, the motions of the defendants to dismiss this application are granted.
PITTMAN, J.