Lourdes Z. VELASCO, R.N., Petitioner,

v.

BETH ISRAEL MEDICAL
CENTER, Respondent.

No. 03 CIV. 3523(SHS).

United States District Court,
S.D. New York.

Aug. 28, 2003.

Denise L. Quarles, Quarles & Associates, New York City, for Lourdes Z. Velasco.

Rory J. McEvoy, Kirkpatrick & Lockhart LLP, New York City, for Beth Israel Medical Center.

### OPINION AND ORDER

STEIN, District Judge.

Lourdes Velasco seeks to vacate an arbitration award that found just cause for the termination of her employment by Beth Israel Medical Center. Beth Israel has moved to confirm the award and to dismiss the petition with prejudice. Because petitioner lacks standing to bring this petition and because there has been no showing of partiality by the arbitrator, Beth Israel's motion to confirm the award is granted and the petition is dismissed.

### I. FACTS

The following facts are not contested. Petitioner Lourdes Velasco was terminated by Beth Israel Medical Center on February 28, 2002 on the grounds that she had compromised patient care by falling asleep while working an overnight shift approximately two weeks earlier. At the time of her termination, Velasco was employed by Beth Israel as a part-time staff registered

nurse. Velasco also worked at Beth Israel as a private duty nurse through Beth Israel's on-site Registry Office, which assists patient families in obtaining private duty nursing services from outside providers. In the early morning of February 10, 2002, Velasco was retained as a private duty nurse to supervise the care of a patient recovering from neck surgery from midnight–to–8 a.m. The patient, who had undergone a tracheotomy, was unable to talk and communicated by gesture or written notes. On February 13, 2002, a family member of the patient contacted Beth Israel to complain that Velasco had fallen asleep and failed to respond to the needs of the patient during her February 10 shift. After an investigation, Beth Israel concluded that the complaint was well founded, and that Velasco had slept on the job and compromised patient care. Beth Israel therefore terminated petitioner's employment.

Velasco's union, Local 1199, National Health and Human Services Employees (the "Union"), filed a grievance on petitioner's behalf, challenging her termination. After Beth Israel denied the grievance, the Union initiated an arbitration pursuant to the terms of the collective bargaining agreement between Beth Israel and the Union. A hearing was held at the American Arbitration Association before arbitrator Susan T. Mackenzie, during which the Union, on behalf of the grievant Velasco, and Beth Israel were represented by counsel.

At the hearing, the Union made the following arguments against Velasco's termination: First, the Union presented Velasco's version of the incident—that she was merely "resting her eyes" and "taking a break for which she had obtained permission from the patent." Second, the Union argued that the termination was unwarranted because the alleged misconduct occurred while Velasco was working as a private duty nurse, and therefore she was "off duty" with respect to her employment as a Beth Israel staff nurse. Finally, the Union contended that because the patient had suffered no adverse clinical care and Beth Israel had suffered no adverse publicity, there was no reason to terminate the petitioner. Beth Israel presented testimony from a staff nurse working on Velasco's floor at the time of the incident that Velasco had fallen asleep. Beth Israel also argued that the fact that Velasco was working as a private duty nurse at the time of the incident was irrelevant, as private duty nurses are required to comply with the hospital's policies and procedures while working there. Finally, Beth Israel asserted that there was a sufficient nexus between petitioner's misconduct and Beth Israel's interests in maintaining its professional standards of care to warrant termination.

In the resulting decision and award (the "Award"), the arbitrator ruled in favor of Beth Israel, finding that Velasco had been sleeping, that her misconduct compromised patient care, and that respondent had just cause to terminate the employment of petitioner. After the Union did not challenge the arbitrator's determination, Velasco, in her personal capacity, filed this petition to vacate the award in New York Supreme Court, New York County, pursuant to N.Y. C.P.L.R. § 7511, on the ground that the arbitrator acted with partiality towards Beth Israel. Beth Israel timely removed the case to this Court pursuant to 28 U.S.C. § 1441 and moved for an order affirming the award pursuant to 9 U.S.C. § 9. Petitioner then moved to remand the case to state court pursuant to 28 U.S.C. § 1447 on the grounds no independent basis of federal jurisdiction existed over the arbitration. On July 17, 2003, this Court held that federal jurisdiction existed over this dis-

pute pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and denied petitioner's motion to remand. *Velasco v. Beth Israel Medical Center*, 03 Civ. 3523 (S.D.N.Y. July 17, 2003).

## II. DISCUSSION

Respondent moves to confirm the arbitration award and dismiss the petition on two grounds: First, Velasco lacks standing to challenge the arbitration award, and second, she has not made any showing that the arbitrator acted with partiality. Beth Israel is correct on both grounds.

■ It is well established that "an individual employee represented by a union generally does not have standing to challenge an arbitration proceeding to which the union and the employer were the only parties." *Katir v. Columbia Univ.*, 15 F.3d 23, 24 (2d Cir.1994); *Crowell v. Internation Bhd. Of Teamsters Local 202 et al.*, No. 00 Civ. 3480, 2001 WL 1230531 at *2, (S.D.N.Y. Oct.16, 2001); *Johnson v. American Arbitration Ass'n, et al.*, No. 98 Civ. 6314, 1999 WL 223154 at *2 (S.D.N.Y. April 16, 1999). An exception arises when the employee alleges that his or her union breached its duty of fair representation during the arbitration at issue. *Crowell*, 2001 WL 1230531 at *2 (*citing Katir*, 15 F.3d at 24–25). In support of such a claim, an employee must allege that the union's handling of the grievance was "arbitrary, discriminatory or in bath faith" and that the union's conduct "seriously undermined the arbitral process." *See Barr v. United Parcel Service, Inc.* 868 F.2d 36, 43 (2d Cir.1989).

■ Here, the Award states that the Union "filed a grievance and moved for arbitration on [Velasco's] behalf" and that the proceeding was brought "pursuant to the collective bargaining agreement between Local 1199, National Health and

Human Services Employees, AFL–CIO, and Beth Israel Medical Center." (Award p. 1, 3). Petitioner was neither a party to the arbitration decided by the Award, nor a party to the collective bargaining agreement. Furthermore, petitioner has made neither an allegation nor a showing that the Union breached its duty of fair representation to her. Under these circumstances, petitioner lacks standing to bring an action to vacate the Award.

■ Even if Velasco had shown that the Union had breached its duty of fair representation, her petition must fail because she has not met her burden of showing partiality. Judicial review of an arbitration award is extremely limited. "The showing required to avoid summary confirmation of an arbitration award is high, and a party moving to vacate the award has the burden of proof." *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 175 (2d Cir.1998). To vacate an award because of "evident partiality," the challenging party has the burden of showing that "a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration." *Morelite Construction Corp. v. New York City District Council Carpenters Benefit Funds*, 748 F.2d 79, 84 (2d Cir.1984). When evaluating the purported bias of an arbitrator, courts examine such factors as: (1) any financial interest the arbitrator may have in the proceeding; (2) the directness and nature of the alleged relationship between the arbitrator and a party to the proceeding; and (3) whether the relationship existed at the same time as the challenged proceeding. *Sun Refining & Marketing Co. v. Statheros Shipping Corp. of Monrovia*, 761 F.Supp. 293, 299 (S.D.N.Y. 1991). Here, petitioner does not allege that there was any relationship between Beth Israel and the arbitrator.

Rather, Velasco's contentions that the arbitrator acted with partiality are founded primarily on her disagreement with the arbitrator's assessment of the evidence. (Pet Aff. ¶¶ 7–12). This is not a proper ground on which to base a claim of partiality, as a court may not review the weight the arbitrator gave conflicting evidence nor question the credibility findings of the arbitrator. *See McDaniel v. Bear Stearns & Co., Inc.,* 196 F.Supp.2d 343, 351 (S.D.N.Y.2002); *Beth Israel Medical Center v. Local 814, Int'l Bhd. Of Teamsters,* No. 99 Civ. 9828, 2000 WL 1364367 at *6 (S.D.N.Y. Sept.20, 2000). Velasco's other alleged indicia of bias are (1) that the arbitrator was "not paying attention to the arbitration proceeding" and "acted like a secretary continuing to type during the entire proceeding," and (2) the rescheduling of the hearing from November 19 to November 15, 2002, which caused the Union to switch attorneys representing the Union at the hearing. Neither of these allegations, if true, would establish bias on behalf of the arbitrator. In sum, petitioner has failed to show that the arbitrator acted with partiality.

## III. CONCLUSION

Because petitioner was not a party to the arbitration between the Union and Beth Israel and has not alleged that the Union breached its responsibility of fair representation, petitioner lacks standing to petition to vacate the arbitration award. Even if plaintiff had standing, she has not met her burden of showing that the arbitrator acted with partiality. Accordingly, Beth Israel's motion to confirm the award is granted, and Velasco's petition to vacate the award is dismissed with prejudice.

SO ORDERED.