Daniel PAULINO, Plaintiff–Appellant,

v.

The NEW YORK PRINTING PRESSMAN'S UNION, LOCAL TWO, and The Board of Trustees and Robert Costello, Administrator of the Pressman's Publisher's Benefits Fund, Defendants–Appellees.

No. 07–2425–CV.

United States Court of Appeals, Second Circuit.

Dec. 3, 2008.

Neil M. Frank, Frank & Associates, P.C., Farmingdale, NY, on submission, for Appellant.

Barry I. Levy, Rivkin Radler LLP, Uniondale, NY, on submission, for Appellee.

PRESENT: Hon. ROBERT D. SACK and Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. LAWRENCE E. KAHN,* District Judge.

## SUMMARY ORDER

Daniel Paulino appeals from an order of the United States District Court for the Southern District of New York granting summary judgment in favor of Defendants–Appellees. We assume the parties' familiarity with the facts and procedural history of this case, and the issues presented on this appeal.

Paulino, a Hispanic male, claims he was intentionally placed lower than two Caucasians on his Union's "Revision List," a list kept by the Union which, among other things, determines allocation of work assignments, vacation days, and when an employee may be promoted to Journeyman status. He also claims that following his complaints about his allegedly improper placement on the Revision List, he was unlawfully suspended from the Union without due process, because of his complaints about the alleged racial discrimination.

Paulino filed this lawsuit against his union, the New York Printing Pressman's Union, Local Two (the "Union"), on January 4, 2006, making three claims that he pursues on appeal: (1) race and national origin-based discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and in violation of 42 U.S.C. § 1981 based on his claim that he was lower on the Revision List than two Caucasians; (2) retaliation in violation of Title VII and section 1981 based on his alleged suspension from the Union following his complaints about his placement on the Revision List; and (3) that the Union violated the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 411 *et seq.*, by suspending his membership without a full and fair hearing.

Defendants filed a motion to dismiss or for summary judgment, along with a statement of uncontested facts pursuant to Local Rule 56.1, as well as several declarations, affidavits, and exhibits. The district court granted defendants' motion for summary judgment. *Paulino v. The New York Printing Pressmen's Union, Local Two,* 2007 WL 1345234, 2007 U.S. Dist. LEXIS 33885 (S.D.N.Y. May 7, 2007).

"We review a district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Allianz Ins. Co. v. Lerner,* 416 F.3d 109, 113 (2d Cir.2005) (citation omitted). Summary judgment is appropriate where there is "no genuine issue of material fact and . . . the moving party is entitled to judgment

---

* The Honorable Lawrence E. Kahn, United States District Judge for the Northern District of New York, sitting by designation.

as a matter of law," Fed.R.Civ.P. 56(c), i.e. "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Holtz v. Rockefeller & Co., Inc.,* 258 F.3d 62, 69 (2d Cir. 2001) (citation omitted).

■ To survive a summary judgment motion on discrimination claims pursuant to Title VII and section 1981, the plaintiff must establish a prima facie case of discrimination under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *McLee v. Chrysler Corp.,* 109 F.3d 130, 134 (2d Cir.1997). To do so, he must show: (1) that he belongs to a protected class, (2) that his job performance was satisfactory, (3) that he suffered adverse employment action, and (4) that the action occurred under conditions giving rise to an inference of discrimination. *Demoret v. Zegarelli,* 451 F.3d 140, 151 (2d Cir.2006). The district court found that Paulino had failed to establish a prima facie claim because an adverse employment action had not been established, because Paulino had not shown he was actually lower on the Revision List than he should have been, and that circumstances giving rise to an inference of discrimination had not been established, because Paulino failed to allege any reason to believe that even if his placement on the list was lower than it should have been, that it resulted from intentional discrimination. *Paulino,* 2007 WL 1345234, at *3–*4, 2007 U.S. Dist. LEXIS 33885, at *15–*16.

We agree with the district court. Even accepting as true that Paulino was lower on the list than he should have been, he fails to allege conditions giving rise to an inference of discrimination. Paulino provided alternate payroll records that purportedly show he should have been higher on the Revision List than he was, but he never claims the records were given to the Union. Paulino fails to allege any reason to think the Union did anything but rely on the payroll records provided to it by Paulino's employer, as it customarily does when constructing the list. Indeed, Paulino seems to base his belief that he was discriminated against because of his ethnicity on the fact that he had been working longer than the other two employees, without adequately addressing the Union's position that placement on the list does not depend on seniority alone. Because Paulino does not allege conditions giving rise to an inference of discrimination and thus fails to establish a prima facie claim under *McDonnell Douglas,* his claims for discrimination under Title VII and section 1981 fail as a matter of law.

■ A prima facie claim of retaliation under Title VII or section 1981 requires proof that the plaintiff (1) engaged in protected activity, (2) that his employer was aware of this activity, (3) that the employer took an adverse employment action against him, and (4) that a causal connection exists between the alleged adverse action and the protected activity. *Schiano v. Qual. Payroll Sys., Inc.,* 445 F.3d 597, 608 (2d Cir.2006) (citation omitted). The district court found the section 1981 retaliation claim could not survive summary judgment because Paulino proffered no evidence that he had raised the issue of discrimination with anyone at the Union prior to the asserted adverse employment action, i.e., his alleged suspension from the Union, and that Paulino had failed to show that there was actually an adverse employment action. *Paulino,* 2007 WL 1345234, at *5, 2007 U.S. Dist. LEXIS 33885, at *18–*20.

We agree. On appeal, Paulino asserts that he did complain of racial discrimination to the person in charge of the Revision List, Daniel Macphee, and to the president of the local Union, William Loftus. The record does not support these claims.

The letters Paulino wrote to Loftus did not assert discrimination. Instead, they alleged only that Paulino was improperly placed on the Revision List and asked for the formula for how the list is made. The statements Paulino alleged he made to Macphee in his complaint and affidavit before summary judgment do not explicitly allege racial discrimination either, and, although Paulino, in his appellate brief, alleges that he made it clear to Macphee that his complaints were about racial discrimination, alleging this on appeal is not sufficient to reverse summary judgment. *See Katir v. Columbia Univ.*, 15 F.3d 23, 25 (2d Cir.1994) ("Upon review of a grant by a district court of a motion for summary judgment, a federal appellate court may examine only the evidence which was before the district court." (internal quotation marks and citations omitted)). Because Paulino fails to allege that his employer knew of his complaints about racial discrimination, he has failed to show that his employer was aware of any protected activity, and his claim for retaliation necessarily fails. *See Schiano*, 445 F.3d at 608.

■ Paulino does not challenge in his brief to this Court the district court's dismissal of his Title VII retaliation claim for failing to raise the claim first with the EEOC. *Paulino*, 2007 WL 1345234, at *4, 2007 U.S. Dist. LEXIS 33885, at *17. The claim is therefore waived. *See, e.g. State St. Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 172 (2d Cir.2004).

■ Paulino also claims that the Union unlawfully suspended him without a full and fair hearing in violation of the LMRDA. The LMRDA requires that no member can be suspended from a union, except for failure to pay dues, without written notice, a reasonable time to prepare his defense, and a full and fair hearing. 29 U.S.C. § 411(a)(5). But, before legal proceedings can be brought, any union member can be required to exhaust reasonable hearing procedures within his or her union. 29 U.S.C. § 411(a)(4). The requirement that a plaintiff exhaust internal union remedies under the LMRDA lies within the court's discretion. *Maddalone v. Local 17*, 152 F.3d 178, 186 (2d Cir.1998) (citations omitted). The district court found that Paulino had failed to exhaust his internal union remedies, noting that, while Paulino did write letters to the Union president and to the International Union, none of these letters complained about not being given a full and fair hearing prior to his alleged suspension. *Paulino*, 2007 WL 1345234, at *6, 2007 U.S. Dist. LEXIS 33885, at *21–*24. The district court was correct in finding Paulino has not exhausted his internal union remedies: Paulino has never raised his claim that he was wrongfully suspended from the Union with the Union. Because there is no evidence that the Union officials in this case are so hostile to Paulino that there is no chance the Union would provide Paulino with a fair hearing, that the Union's internal procedures are inadequate, or that exhaustion of his remedies within the Union structure would unreasonably delay his opportunity to obtain a judicial hearing, the district court correctly granted summary judgment because Paulino has not exhausted his union remedies. *See Schermerhorn v. Local 100, Transport Workers Union of America, AFL–CIO*, 91 F.3d 316, 325 (2d Cir.1996). Paulino's argument that going through the administrative process would have been futile is unsupported.

■ The district court also found that Paulino had not established that he was actually suspended, and therefore had no claim whatsoever under the LMRDA. *Paulino*, 2007 WL 1345234, at *6, 2007 U.S. Dist. LEXIS 33885, at *21–*24. The court found that despite the minutes of the

November 2004 local union meeting, which stated that Paulino had been "suspended," the Union had demonstrated that the statement was in error. The minutes, the Union argued, referred only to the suspension of his health benefits because he had failed to pay the required contribution. *Id.* In light of this reasonable explanation of the statement in the minutes and the fact that Paulino continued to pay dues, attend, participate in, and vote at Union meetings, the district court did not err in concluding that summary judgment for the defendants was appropriate on the LMRDA claim. In short, in light of the fact that Paulino failed to establish that he was suspended from the Union, he cannot prevail on a claim that such a suspension was unlawful.

█ Paulino asserts that summary judgment was granted prematurely because further discovery was warranted. We review a district court's discovery rulings under Federal Rule of Civil Procedure 56(f) for abuse of discretion. *Gualandi v. Adams,* 385 F.3d 236, 244–245 (2d Cir.2004). The district court gave Paulino ample opportunity to conduct discovery before the summary judgment motion was decided. While Paulino makes several new assertions in his appellate briefs about discovery he wishes he could obtain, because he did not raise these matters in his 56(f) affidavit they will not be considered on appeal. *See Gurary v. Winehouse,* 190 F.3d 37, 43–44 (2d Cir.1999). The district court did not abuse its discretion by not allowing further discovery.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.