09-3916-cv
*Howd & Weyel v. UFCW Local 919, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of June, two thousand and ten.

PRESENT:

> AMALYA L. KEARSE,
> PIERRE N. LEVAL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

_____

LOIS HOWD and LISA WEYEL,

> *Plaintiffs-Appellants*,

> v.                                              (09-3916-cv)

UNITED FOOD & COMMERCIAL WORKERS
UNION, LOCAL 919 and MARK A. ESPINOSA,

> *Defendants-Appellees*.

_____

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | LEON M. ROSENBLATT, Law Offices of Leon M. Rosenblatt, West Hartford, Connecticut |
| FOR DEFENDANTS-APPELLEES: | J. WILLIAM GAGNE, JR., Law Offices of J. William Gagne, Jr. & Associates, P.C., West Hartford, Connecticut |

Appeal from a judgment of the United States District Court for the District of Connecticut (Droney, *J.*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED. Defendants-Appellees' motion to strike a portion of Appellants' reply brief is DENIED AS MOOT.

Plaintiffs-Appellants Lois Howd and Lisa Weyel appeal from an August 26, 2009 judgment entered in favor of Defendants-Appellees United Food & Commercial Workers Union, Local 919 ("Union") and its president Mark A. Espinosa by the United States District Court for the District of Connecticut (Droney, *J.*). The district court granted summary judgment in favor of the Union and Espinosa on appellants' claims alleging violations of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and Connecticut state law on the ground that appellants unjustifiably failed to exhaust the intra-union remedies available to them before bringing suit. The court granted summary judgment in favor of appellees on appellants' claim under the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 412, on the grounds that Howd and Weyel failed to show a genuine issue of material fact regarding whether appellees violated the statute and that certain aspects of the claim were moot. We assume the parties' familiarity with the underlying facts and procedural history of the case and with the issues presented for review.

We review a grant of summary judgment de novo, drawing all reasonable inferences in favor of the nonmoving party. *Carrion v. Enter. Ass'n, Metal Trades Branch Local Union 638*, 227 F.3d 29, 32-33 (2d Cir. 2000) (per curiam). Summary judgment is appropriate "if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.* at 32 (citing Fed. R. Civ. P. 56(c)). Summary judgment for the moving party is appropriate when the

nonmoving party "has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof." *Phelen v. Local 305 of the United Ass'n of Journeymen, & Apprentices of the Plumbing & Pipefitting Indus. of the U.S. and Can.*, 973 F.2d 1050, 1061 (2d Cir. 1992) (internal quotation marks and alterations omitted) (quoting *Burke v. Bevona*, 931 F.2d 998, 1001 (2d Cir. 1991)). A nonmoving party does not adequately respond to a properly supported summary judgment motion by relying on "conclusory allegations or unsubstantiated speculation." *FDIC v. Great Am. Ins. Co.*, No. 09-1052-cv, 2010 WL 2246279, at *3 (2d Cir. June 7, 2010) (internal quotation marks omitted) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)).

The district court concluded with respect to Counts 1, 2, and 4 of the complaint, the claims under the LMRA and Connecticut state law, that these claims were barred by the plaintiffs' failure to exhaust intra-union remedies. We review the district court's dismissal of these claims on exhaustion grounds for abuse of discretion. *See Johnson v. Gen. Motors*, 641 F.2d 1075, 1078 (2d Cir. 1981). In determining whether to require a party to exhaust intra-union remedies before bringing suit, a court looks to the following three factors:

> First, whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; second, whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks . . . ; and third, whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim.

*Maddalone v. Local 17, United Bhd. of Carpenters & Joiners of Am.*, 152 F.3d 178, 186 (2d Cir. 1998) (alteration omitted) (quoting *Clayton v. Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am.*, 451 U.S. 679, 689 (1981)).

Howd and Weyel do not contend that they did exhaust the procedures set forth in the

3

constitution of the United Food & Commercial Workers Union ("UFCW") and the Union's bylaws for bringing charges against Union officials for violations of the constitution or bylaws. Instead, they challenge only the district court's application of the second factor, contending that the intra-union procedures were inadequate to afford them full relief. Even assuming this argument was adequately raised and litigated before the district court, it is without merit because the UFCW constitution allows the Executive Board of a local union to impose all "appropriate penalties" against officers found guilty of violating the UFCW constitution or the local union's bylaws, subject only to the limitation that such penalties be "reasonable[,] . . . fair," and explained with specificity. *See* UFCW Const. art. 26(A)(14). Had Howd and Weyel filed specific charges against Espinosa in a timely fashion, *see id.* art. 26(A)(6) (providing a ten-day window within which a charging party may refile charges dismissed for lack of specificity), or appealed the dismissal of the second set of charges they filed, *see id.*, the Union's Executive Board could have imposed penalties on Espinosa for violating Howd and Weyel's rights to participate in collective bargaining negotiations if the charges were meritorious. As Espinosa could have been fined or removed from his position as an "appropriate penalt[y]," *see* Bylaws of Local 919, art. XIV(14), the lesser sanction of an order to Espinosa (and therefore to the Union as a whole) to respect members' rights in the future would presumably also have been available.

To the extent appellants also are seeking relief in the form of damages, we conclude that any such relief would not be available in a civil action, and thus it is no answer to an exhaustion defense to contend that the intra-union remedies also could not provide them. First, appellants are not entitled to any compensatory damages because the new CBA was ratified in June 2005 retroactive to January 1 of that year. Second, appellants are not entitled to damages for emotional distress or

4

punitive damages. *See, e.g.*, *Int'l Bhd. of Elec. Workers v. Foust*, 442 U.S. 42, 52 (1979) (punitive damages may not be assessed against union for breach of duty of fair representation); *Drywall Tapers & Pointers of Greater N.Y., Local 1974 of I.B.P.A.T., AFL-CIO v. Local 530 of Operative Plasterers & Cement Masons Int'l Ass'n*, 36 F.3d 235, 240 (2d Cir. 1994) (punitive damages generally may not be assessed in breach of contract action under LMRA); *Baskin v. Hawley*, 807 F.2d 1120, 1133 (2d Cir. 1986) (emotional distress damages only available for "truly outrageous" conduct in fair representation cases). We therefore find no abuse of discretion in the district court's dismissal of appellants' LMRA and Connecticut state law claims for failure to exhaust internal Union remedies.

With respect to Count 3 of the complaint, which asserts a violation of § 101(a)(1) of the LMRDA, 29 U.S.C. § 411(a)(1),[1] we agree with the district court that Howd and Weyel have produced insufficient evidence to create a genuine question of fact regarding whether they were subject to discrimination by the Union. *See, e.g.*, *Calhoon v. Harvey*, 379 U.S. 134, 139 (1964) ("[LMRDA § 101(a)(1)] is no more than a command that members and classes of members shall not be discriminated against in their right to nominate and vote."); *Members for a Better Union v. Bevona*, 152 F.3d 58, 65 (2d Cir. 1998) (Section 101(a)(1) "curbs no abuse other than *discrimination* against some union members and in favor of others with respect to voting rights."). First, to the extent appellants' complaint alleges discriminatory treatment of Union members with respect to their ability to participate in collective bargaining negotiations, § 101(a)(1) does not protect against such

---

[1] Section 101(a)(1) of the LMRDA, 29 U.S.C. § 411(a)(1), guarantees to "[e]very member of a labor organization . . . equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings . . . ."

a deprivation because it is not sufficiently connected to voting rights. Second, even assuming the district court was incorrect to compare Howd and Weyel only to members of their own bargaining unit, appellants point to absolutely no evidence in the record regarding how members of other bargaining units were treated with respect to their voting (or other) rights. Espinosa's general statement to the effect that it was the Union's usual practice to send questionnaires prior to collective bargaining negotiations is insufficient to create a genuine question of fact regarding whether appellants suffered unlawful discrimination at the Union's hands. We therefore affirm the district court's grant of summary judgment on the LMRDA claim in appellees' favor.

We have considered Howd and Weyel's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED. Appellees' June 4, 2010 motion to strike a portion of appellants' reply brief is DENIED AS MOOT.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6