20-4213-cv
Fleischer v. Barnard Coll.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand twenty-one.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
>    *Circuit Judges.*

---

Georgette Fleischer,

> *Plaintiff-Appellant*,

> v.                                                              20-4213

Barnard College, Local 2110 of the United Automobile, Aerospace and Agricultural Implement Workers (UAW),

> *Defendants-Appellees*,

Ralph Berger, Arbitrator,

> *Defendant.*

---

FOR PLAINTIFF-APPELLANT:          Georgette Fleischer, pro se, New York, NY.

FOR DEFENDANTS-APPELLEES:          Christopher M. Repole (Felice B. Ekelman, *on the brief*), Jackson Lewis, P.C., New

York, NY (*for* Barnard College); Dana E. Lossia, Levy Ratner, P.C., New York, NY (*for* Local 2110).

Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Georgette Fleischer, proceeding pro se, appeals from the district court's dismissal of her lawsuit against Barnard College and Local 2110 of the United Automobile, Aerospace, and Agricultural Implement Workers ("Local 2110" or "union"). She principally seeks vacatur of an arbitration award that upheld Barnard's decision not to reappoint her as an adjunct professor for the following academic year. She alleges that Barnard violated a collective bargaining agreement ("CBA") by firing her and that the union violated its duty of fair representation by failing to adequately represent her during the arbitration proceeding. The district court dismissed her amended complaint for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal and refer to them only as needed to explain our decision to affirm.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads

2

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## I. Hybrid Section 301/Duty of Fair Representation Claim

### A. Timeliness of bargaining process claims

A six-month statute of limitations applies to hybrid claims for violations of a CBA under section 301 of the Labor Management Relations Act and violations of a union's duty of fair representation brought under the National Labor Relations Act. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169–70 (1983) (applying the statute of limitations under 29 U.S.C. § 160(b) to duty-of-fair-representation claims against unions); *Assad v. Mount Sinai Hosp.*, 725 F.2d 837, 838 (2d Cir. 1984) (per curiam). Because Fleischer filed her complaint in November 2019, to be timely, her claims must have accrued in or after May 2019. The unionization and bargaining effort ended in April 2017 with successful ratification of the CBA. Her claims based on alleged flaws in the bargaining process are therefore untimely.

### B. Merits of hybrid claim for breach of the CBA and duty of fair representation

To state a hybrid section 301/duty of fair representation claim, the plaintiff must allege that (1) the employer breached a CBA and (2) the union failed in its duty of fair representation. *Carrion v. Enter. Ass'n, Metal Trades Branch Local Union 638*, 227 F.3d 29, 33 (2d Cir. 2000) (per curiam). Although such a claim is properly brought against both the employer and the union, the two elements are intertwined and the claim against both parties will fail if the plaintiff cannot show that the union breached its duty. *See United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 62 (1981). Here, we need not determine whether Fleischman has adequately alleged a breach of the CBA

because the amended complaint does not plausibly allege the second component, that the union breached its duty of fair representation.

A union has a duty to fairly represent all members subject to its CBA with an employer. *Spellacy v. Airline Pilots Ass'n-Int'l*, 156 F.3d 120, 126 (2d Cir. 1998). It breaches that duty if its conduct toward a member is "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). "[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991) (internal quotation marks and citation omitted). A union's conduct is discriminatory when "substantial evidence indicates that it engaged in discrimination that was intentional, severe, and unrelated to legitimate union objectives." *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (internal quotation marks omitted). Finally, "[a] union acts in bad faith when it acts with an improper intent, purpose, or motive." *Spellacy*, 156 F.3d at 126. Decisions made for tactical reasons or as a result of errors in judgment are not considered to have been made in bad faith. *See Barr v. United Parcel Serv., Inc.*, 868 F.2d 36, 43–44 (2d Cir. 1989).

Once a plaintiff has established that the union acted arbitrarily, discriminatorily, or in bad faith, she must "demonstrate a causal connection between the union's wrongful conduct and [her] injuries." *Vaughn*, 604 F.3d at 709 (internal quotation marks omitted). When the conduct involves an arbitration proceeding, the plaintiff must show that the union's conduct "seriously undermine[d] the arbitral process." *Barr*, 868 F.2d at 43 (internal quotation marks and alteration omitted).

Fleischer alleges that the union breached its duty of fair representation toward her in four ways. First, she points to the delay in arbitration from the union's filing of a grievance of her behalf

4

in June 2017 until the arbitration began in April 2018. She charges that Local 2110 President Maida Rosenstein deliberately delayed the arbitration on account of animus toward Fleischer. Even assuming that Fleischer's allegation of animus is sufficient to show the union's bad faith, however, she does not allege any facts showing that the delay harmed her arbitration case. As the district court noted, she does not submit that the delay had any effect on the actual proceeding, such as permitting spoliation of evidence or creating difficulty in locating witnesses. She asserts only that a delay generally benefitted the college administration. This is not enough. *See Barr*, 868 F.2d at 43.

Second, Fleischer argues that the union breached its duty by failing to bring a class grievance on behalf of the terminated nontenured faculty members. She contends that the district court incorrectly concluded that none of the other terminated faculty expressed interest in a class grievance. But the district court did not misstate her allegations: Fleischer does not claim that any of the terminated faculty expressly stated they wished to file grievances against Barnard. She alleges only that two faculty members were "open to [a] meeting" but that the other four had "almost all gone their own way with accepting the severance." App. 221, 226. These allegations do not suffice: the union did not act arbitrarily or in bad faith by filing an individual grievance on Fleischer's behalf when she was the only terminated faculty member to express an interest in challenging her termination.

Third, Fleischer asserts that Local 2110 violated its duty of fair representation in its choice of arbitrator, urging that the arbitrator, Ralph S. Berger, had a disqualifying pro-employer conflict of interest. But the fact that the arbitrator had presided over other proceedings in which one party was represented by the same law firm that represented Barnard in Fleischer's case is not sufficient

to show that Berger was "antiunion" or biased. We have previously recognized that arbitrators are generally experts in their fields and, as a result, are often familiar with other members of their professional communities. *See Morelite Constr. Corp. v. N.Y.C. Dist. Council Carpenters Benefit Funds*, 748 F.2d 79, 83 (2d Cir. 1984). The alleged relationship between Barnard's law firm and the arbitrator does not render the union's decision to select Berger a breach of its duty of fair representation.

Fourth, Fleischer takes issue with the union's decision not to challenge the arbitration award in Barnard's favor. But she alleges that Rosenstein did not want to challenge the decision for tactical reasons, including that the chances of success were low and that Rosenstein did not want to set a precedent suggesting that the union would routinely seek to vacate arbitration awards. Rosenstein's justifications, as alleged by Fleischer, were reasonable. Challenging an arbitration award is difficult because the challenger faces a stringent standard of review. *See Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) ("Judicial review of a labor-arbitration decision pursuant to [a collective bargaining] agreement is very limited. Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement."). Tactical decisions like these do not reflect bad faith. *See Barr*, 868 F.2d at 43–44.

Fleischer's amended complaint thus did not state a plausible hybrid claim.

## II.     LMRDA Claims

Title I of the Labor Management Reporting and Disclosure Act ("LMRDA") sets forth a "bill of rights" for members of labor organizations, including a right to free speech and assembly. 29 U.S.C. § 411(a)(2). Thus, section 101 of the LMRDA provides:

6

> Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings[.]

*Id.* Further, section 105 requires that unions inform their members of the contents of the LMRDA. 29 U.S.C. § 415. The LMRDA creates a private right of action for violations of Title I of its provisions. *Id.* § 412.

Fleischer claims that Local 2110 breached her right to free speech under section 101 because Rosenstein did not permit the nomination of candidates to the union's executive board; instead, Rosenstein handpicked successors and had them approved by acclamation, thereby allegedly denying the membership the right to speak on the different nominees. As the district court correctly determined, however, these allegations do not describe a violation of a union member's right to free speech under section 101; rather, they portray a violation of LMRDA-prescribed election procedures. *See* 29 U.S.C. § 481 (setting forth procedures for electing union officials). The LMRDA provisions that prescribe union election procedures do not recognize a correlated private right of action for general union members. *See id.* §§ 481(c) (permitting suits by "bona fide candidate[s]" to enforce certain literature-distribution requirements), 482(a), (b) (members may challenge election results after exhausting internal remedies by filing a complaint with the Secretary of Labor, who shall investigate and, if deemed appropriate, bring a civil lawsuit).

Fleischer also identifies error in the district court's failure to address her additional LMRDA claim, brought under section 105, that Local 2110 wrongfully never informed its members of their rights under the statute. Any error in this regard was harmless. A union member

7

must request the LMRDA-related information from her union before she has a right to sue under section 105 for failure to produce it. *Stelling v. Int'l Bhd. of Elec. Workers Local Union No. 1547*, 587 F.2d 1379, 1390–91 (9th Cir. 1978). Fleischer made no such allegation, and therefore her claim was deficient.

Fleischer also challenges the district court's dismissal of her claim under LMRDA section 501. This claim rests on her allegation that Rosenstein misappropriated union funds, an allegation that she submits she brought to the attention of the union board, without result. Under 29 U.S.C. § 501(b), when a union representative is alleged to have violated her fiduciary duties and the union board fails to seek or obtain "appropriate relief within a reasonable time" after a member requests that it do so, the member who made the charge may sue the union representative in federal court.

In her amended complaint, however, Fleischer does not allege that she raised the issue of misappropriated funds with the union board or that she sued Rosenstein to recover the funds. Instead, she asserts that she brought issues related to the ratification of the CBA to the board's attention. As described in the amended complaint, however, the only mention of misappropriated funds was in a May 2017 letter that Fleischer wrote to the union's executive board. In that letter, Fleischer does not accuse Rosenstein of misappropriating any funds or include any details about the issue. Further, Fleischer did not sue Rosenstein for the funds or to obtain an accounting of the union's finances. Therefore, the district court did not err by dismissing Fleischer's section 501 claim for failure to state a claim.[1]

---

[1] To the extent that Fleischer is pursuing her claim under the Federal Arbitration Act on appeal, the district court correctly determined that, because the union represented Fleischer in the arbitration against Barnard, she did not have standing to challenge the arbitration proceeding directly under the FAA; she could only challenge the arbitration through her claim against the union for breach of its duty of fair

### III. Alleged bias in the district court

Fleischer assails the district court as being biased against her. In support, she points to "cherry-picked" quotations, improperly cited cases, alleged misstatements of her causes of action, and alleged factual errors in its recitation of facts. Appellant's Br. at 9. These arguments are meritless. Although the district court may have made minor errors in reciting the factual allegations or in determining the exact contours of Fleischer's causes of action as conceived by her, those errors were harmless: for the reasons set forth above, on de novo review, we determine that Fleischer's complaint fails to state a claim and was correctly dismissed. Fleischer's arguments that the district court judge demonstrated bias by citing "antiunion" cases is meritless; the cases relied on were either binding precedent or supported by other case law.

We have considered all of Fleischer's remaining arguments and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

representation. *See Katir v. Columbia Univ.*, 15 F.3d 23, 24–25 (2d Cir. 1994) ("[A]n individual employee represented by a union generally does not have standing to challenge an arbitration proceeding to which the union and the employer were the only parties.").