*Spillane v. N.Y.C. Dist. Council of Carpenters*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty-four.

PRESENT:
> MICHAEL H. PARK,
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

---

Patrick Brendan Spillane, Debra Spillane, AKA Deborah Spillane,

*Plaintiffs-Appellants,*

v.                                                        23-247

New York City District Council of Carpenters and Joiners of America, New York City District Council of Carpenters Pension Fund, New York City District Council of Carpenters Welfare Fund, Joseph A. Geiger, as Trustee, Eddie McWilliams, Kristin O'Brien, as Executive Director of the New York City District Council of Carpenters Benefit Funds,

*Defendants-Appellees.**

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

**FOR APPELLANTS:** ROBERT K. ERLANGER, Erlanger Law Firm, PLLC, New York, NY.

**FOR UNION APPELLEES:** GILLIAN COSTELLO (James M. Murphy *on the brief*), Spivak Lipton LLP, New York, NY.

**FOR FUND APPELLEES:** MARTY GLENNON (John H. Byington, III *on the brief*), Archer, Byington, Glennon & Levine, LLP, Melville, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Torres, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Patrick Brendan Spillane is a retired, dues-paying carpenter of New York City District Council of Carpenters and Joiners of America (the "Union"). He and his beneficiary, Debra Spillane (his wife), sued the Union, the Union's Director of Area Standards Eddie McWilliams, New York City District Council of Carpenters Pension Fund (the "Pension Fund"), New York City District Council of Carpenters Welfare Fund (the "Welfare Fund") (collectively, the "Funds"), Joseph A. Geiger as Trustee of the Funds, and Kristin O'Brien as Executive Director of the Funds. Plaintiffs allege that the Funds improperly terminated his pension and welfare benefits following a Union trial at which Spillane was convicted of working as a carpenter for a non-union company, Anfield Interiors, Inc. Spillane brought claims against the Union for violating the Labor-Management Reporting and Disclosure Act ("LMRDA") under 29 U.S.C. §§ 411(a), 412, and 529; against the Funds for denial of benefits and breach of fiduciary duties under the Employment Retirement Income Security Act of 1974 ("ERISA") § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), and § 502(a)(3), 29 U.S.C. § 1132(a)(3), respectively; and against McWilliams for prima facie tort under New York law. The district court determined that it had jurisdiction

under 29 U.S.C. § 412, deemed the LMRDA claim under 29 U.S.C. § 529 to be abandoned, declined to exercise supplemental jurisdiction over the prima facie tort claim, and dismissed the remaining causes of action for failure to state a claim. Spillane now appeals the district court's dismissals of his LMRDA claim under 29 U.S.C. § 411(a) and the ERISA claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), accepting the alleged facts as true and drawing all reasonable inferences in plaintiffs' favor." *Allen v. Credit Suisse Secs. (USA) LLC*, 895 F.3d 214, 222 (2d Cir. 2018).

**I.      LMRDA Claim**

The district court properly dismissed Spillane's unexhausted LMRDA claim against the Union. *See Paulino v. N.Y. Printing Pressman's Union, Local Two*, 301 F. App'x 34, 38 (2d Cir. 2008) (citing *Maddalone v. Local 17, United Bhd. of Carpenters & Joiners of Am.*, 152 F.3d 178, 186 (2d Cir. 1998) ("The requirement that a plaintiff exhaust internal union remedies under the LMRDA lies within the court's discretion."). LMRDA § 101(a)(4) states that a Union member "may be required to exhaust reasonable hearing procedures . . . before instituting legal or administrative proceedings" against the Union or its officers. 29 U.S.C. § 411(a)(4). In determining whether to require a party to exhaust internal remedies, courts look to (1) "whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim"; (2) "whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks"; and (3) "whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim." *Howd v. United Food & Com. Workers Union, Local 919*,

3

383 F. App'x 38, 40 (2d Cir. 2010) (quoting *Maddalone*, 152 F.3d at 186). Spillane does not contend that he exhausted his available remedies after being convicted at the Union trial.[2] Additionally, he has not shown that the Union officials were hostile to him, that the Union appeal procedures were inadequate, or that abiding by Union procedures would unreasonably delay his opportunity to be heard in court.

Spillane now argues that exhausting administrative remedies would have been futile because of the district council's hostility towards him and Anfield; the bias of a "crony [Trial Committee] and ineffectual Trial Chair"; and the fact that his similarly situated fellow carpenter Fitzsimons "exhausted his internal remedies to no avail." Appellants' Br. at 31-32. His claims of futility, however, are speculative and insufficient to show that pursuing an administrative appeal would have been futile.

Spillane failed to exhaust administrative remedies or to show that doing so would have been futile, so we affirm the district court's dismissal of Spillane's LMRDA claim.

**II.     ERISA Claims**

1.     ERISA § 502(a)(1)(B), Denial of Benefits

The district court correctly held that Spillane's claim under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), against the Pension Fund for denial of benefits is time-barred. The Plan's limitation period clause states: "Any action by a Participant, Spouse or Beneficiary under ERISA Section 502(a) following an adverse benefit determination on review must be filed within 365 days *from the date of notice of the adverse benefit determination*." Joint App'x at A-56 to -57 (emphasis added). A one-year limitations period from the conclusion of internal review is

---

[2] The Union denied Spillane's attempt to internally appeal as untimely. Spillane did not allege in his complaint, nor does he argue now, that his appeal was timely or that he in fact exhausted his available remedies.

4

reasonable and enforceable. *See Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 109-10 (2013) ("[A] hypothetical 1-year limitations period commencing at the conclusion of internal review would be reasonable.").

Spillane also fails to state an ERISA claim of denial of benefits against the Welfare Fund. Even assuming the claim against the Welfare Fund was not time-barred, Spillane fails to show that the Welfare Fund's determination was arbitrary or capricious. *See Ocampo v. Bldg. Serv. 32B-J Pension Fund*, 787 F.3d 683, 690 (2d Cir. 2015) ("[W]here the written plan documents confer upon a plan administrator the discretionary authority to determine eligibility, we will not disturb the administrator's ultimate conclusion unless it is arbitrary and capricious." (internal quotation marks omitted)). The Welfare Fund's Summary Plan Description ("SPD") defines "disqualifying employment" as "any work in the states of New York and New Jersey that falls under the trade jurisdiction of the [Union] for an employer who is not required to contribute to the Welfare Fund on your behalf." Joint App'x at A-63. The plain language of the SPD allowed the Funds to rely on the Union's determination that Spillane's job was a covered employment in order to make its own determination to terminate Spillane's health care coverage. Moreover, even if Spillane's interpretation of what constitutes disqualifying employment might be rational, the Fund's reasonable interpretation prevails. *See McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 132 (2d Cir. 2008) ("Where both the plan administrator and a spurned claimant offer rational, though conflicting, interpretations of plan provisions, the administrator's interpretation must be allowed to control." (quoting *Pulvers v. First UNUM Life Ins. Co.*, 210 F.3d 89, 92-93 (2d Cir. 2000)).

The district court thus properly dismissed Spillane's ERISA § 502(a)(1)(B) claim for denial of benefits.

5

## 2.  ERISA § 502(a)(3), Breach of Fiduciary Duties

The district court also properly determined that Spillane fails to state a claim under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), against the Funds for breach of fiduciary duties because he does not allege specific factual allegations to support his claim.   As an initial matter, neither David Stewart (Funds' Executive Director) nor Paul Capurso (Union President and Trustee) is a named defendant.   Second, the Amended Complaint does not make any specific factual allegations concerning Geiger, Capurso, or Stewart.   Third, Spillane takes issue with Geiger and his allegedly conflicting roles as Funds Trustee and the Union Executive Secretary Treasurer.   But a "trustee under ERISA may wear different hats," and is not precluded from having "financial interests adverse to beneficiaries."  *Pegram v. Herdrich*, 530 U.S. 211, 225 (2000).   "Employers, for example, can be ERISA fiduciaries and still take actions to the disadvantage of employee beneficiaries, when they act as employers" as long as "the fiduciary with two hats wear[s] only one at a time, and wear[s] the fiduciary hat when making fiduciary decisions."  *Id*.   Moreover, the Amended Complaint does not allege and Spillane does not contend in his briefing that Geiger's involvement in benefit determinations somehow breached his fiduciary duties.   The allegations in the Amended Complaint concerning Geiger consist of speculation and unsubstantiated name-calling.   *See, e.g.*, A-14 to -15, A-17 to -18, A-27, A-35 (referring to Union officials and members of the Trial Committee as Geiger's "cronies" or "crony tools").

Additionally, Spillane provides no separate basis for his breach of fiduciary duty claim differentiating it from his denial of benefits claim.[3]   *See Aracich v. Bd. of Trs. of Emp. Benefit*

---

[3] Defendants argue that a breach of fiduciary duty claim provides only for equitable relief while Spillane seeks only monetary damages.   But Spillane asks in his Amended Complaint for "an injunction ordering specific performance" requiring the Funds to restore his pension benefits and health care coverage. Joint App'x at A-39.

6

*Funds of Heat & Frost Insulators Local 12*, No. 22-2544, 2023 WL 4692316, at *5 (2d Cir. July 24, 2023) (rejecting two contentions because they did not state an independent ERISA claim for breach of fiduciary duties but were duplicative of plaintiff's ERISA claim for denial of benefits); *Xiaohong Xie v. JPMorgan Chase Short-Term Disability Plan*, No. 15-cv-04546, 2017 WL 2462675, at *4 (S.D.N.Y. June 7, 2017) ("[C]ourts in this Circuit have repeatedly rejected attempts to repackage claims for wrongful denial of benefits under Section 502(a)(1) as claims for breaches of fiduciary duties under Section 502(a)(3)." (quotation marks omitted)).  Moreover, Spillane seeks the same relief in his claim for breach of fiduciary duty as he does in his claim for denial of benefits.[4]  The district court thus properly dismissed Spillane's claim for breach of fiduciary duties under ERISA § 502(a)(3).

We have considered all of Spillane's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court dismissing the ERISA and LMRDA claims is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] In addition to the same request for relief, Spillane seeks disgorgement of pension benefits and a "surcharge from the breaching fiduciaries."  Joint App'x at A-39.  These are monetary damages that ERISA § 502(a)(3) does not provide.